M. STEIB, for use, etc.

*v.*

WILLIAM H. WHITEHEAD.

*Filed at Springfield September 27, 1884.*

1. GARNISHMENT—*trust fund—whether subject to garnishment.* A testator devised his estate to trustees, to be well rented, and kept in repair and taxes paid, and to be insured against fire, and the trustees to pay over all remaining rents and income in cash, into the hands of his daughter, "in person, and not upon any written or verbal order, nor upon any assignment or transfer by" the daughter: *Held,* that the net income of the estate devised was not liable to garnishment in the hands of the trustees for debts of the beneficiary.

2. WILL—*devise in trust—provisions for protection of beneficiary, as against debts, improvidence, etc.* While it is true that an absolute gift of property can not be rendered inoperative by conditions annexed, it does not follow that a parent may not, by will or otherwise, make such a reasonable disposition of his property, when not indebted, as will effectually secure his child a competent support for life; and the most appropriate, if not the only, way of accomplishing this object, is through the medium of a trust.

3. In this case, a testator devised all his lands to trustees, in trust for his daughter, declaring it to be the duty of the trustees to keep such lands, etc., well rented, to make reasonable repairs on the same, to pay promptly all taxes and assessments thereon, to keep the buildings thereon reasonably insured against damage by fire, and to pay over all remaining rents and income in cash, into the hands of his said daughter, in person, and not upon any written or verbal order, nor upon any assignment or transfer by the said daughter, the trust to cease at her death, and the estate to vest in her heirs, etc.: *Held,* that the intention was to place the net income of the property beyond the control of the daughter and her creditors while in the hands of the trustees, and that such intention should be enforced by the courts.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. THOMAS F. TIPTON, for the plaintiff in error:

The fund arising from the rents and profits of the lands and property in question, and sought to be reached in this

proceeding, is absolute in the beneficiary, and assignable, and being the property of Mrs. Schonrock, absolutely, is liable to garnishment. *Wells* v. *Ely,* 3 Stockt. 175; *Lynch* v. *Utica Ins. Co.* 18 Wend. 245; *Gleason* v. *Fayerweather,* 4 Gray, 348; *Hallett* v. *Thompson,* 5 Paige, 583; *Livingston* v. *Stickles,* 8 id. 398; *Van Renssalear* v. *Hays,* 19 N. Y. 68; *Newkirk* v. *Newkirk,* 2 Caines, 335; *McWilliams* v. *Risley,* 2 S. & R. 507; *Walker* v. *Vincent,* 19 Pa. 369; *Hanly* v. *Northampton,* 8 Mass. 3; *Schermerhorn* v. *Negus,* 1 Den. 448; 2 Redfield on Wills, sec. 288, note 30; *Rockford* v. *Hackman,* 9 Hare, 475; *Keyser's Appeal,* 57 Pa. St. 236; *Koenig's Appeal,* id. 352; *Wilkinson* v. *Wilkinson,* 3 Swanst. 528; *Groves* v. *Dolphin,* 1 Sim. 66; 2 Jarman on Wills, (Bigelow's ed.) 24–29, note 2.

That trusts can not be created with a provision that the equitable estate or interest of the *cestui que trust* can not be alienated, is the well settled law of England and most of the States in this country. *Oxley* v. *Lane,* 35 N. Y. 345; *Norris* v. *Beyea,* 3 Kern. 273; *Reifsnyder* v. *Hunter,* 19 Pa. St. 41; *Walker* v. *Vincent,* id. 369; *Yard's Appeal,* 64 id. 95; *Harken's Appeal,* 60 id. 257; *Gleason* v. *Fayerweather,* 4 Gray, 348; *Bank* v. *Davis,* 21 Pick. 42; *Lane* v. *Lane,* 8 Allen, 350; *Jones* v. *Bacon,* 68 Maine, 34; *Norris* v. *Hensley,* 27 Cal. 439; *Pace* v. *Pace,* 73 N. C. 119; *Mandelbaum* v. *McDonnell,* 29 Mich. 78; 2 Perry on Trusts, sec. 386; Story's Eq. Jur. sec. 974 a.

The rule is, that where a grant or devise is made of the rents, issues and profits of an estate, the legal estate being vested in a trustee, with a condition annexed that they shall not be subject to present or future debts, whether the estate granted or devised be an estate for life or in fee, the condition is void, as against public policy. *Graves* v. *Dolphin,* 1 Sim. 66; *Snowden* v. *Dales,* 6 id. 524; *Mebane* v. *Mebane,* 4 Ired. Eq. 181; *Bank* v. *Forney,* 2 id. 181; *Foley* v. *Bunnell,* 1 Brown's Ch. 247; *Brandon* v. *Robinson,* 18 Ves. Jr. 429; *Piercy* v. *Roberts,* 1 M. & K. 4; *Dick* v. *Pitchford,* 1 Dev. & Bat. Eq. 484; 2 Story's Eq. sec. 974 a.

The limitation that the trustee is not to pay upon orders or assignment, is void, and the income is subject to the payment of the debts of the *cestui que trust.* *Smith* v. *Moore,* 36 Ala. 327; *Mebane* v. *Mebane,* 4 Ired. Eq. 131; *Gray* v. *Obear,* 54 Ga. 231; *McIlvain* v. *Smith,* 42 Mo. 45.

The rule. is, that where the debtor is entitled to the sole enjoyment of the income or profits of a fund during his lifetime, such income is subject to the payment of his debts. *Dick* v. *Pitchford,* 1 Dev. & Bat. Eq. 480; *Presley* v. *Rodgers,* 24 Miss. 520; *Johnson* v. *Cushing,* 15 N. H. 298; *Brown* v. *Cleary,* 1 Rich. Eq. 319; *McIlvain* v. *Smith,* 42 Mo. 45; *Heath* v. *Bishop,* 4 Rich. Eq. 46.

Unless otherwise specified in the trust, the profits or income accumulating on a fund given to the beneficiary for life, belong to her, and are not to be added to the *corpus* of the fund, (*Astope* v. *Goodall,* 53 Ga. 318, *Bazamore* v. *Davis,* 55 id. 504,) and such surplus is liable for her debts. *Bailie* v. *McPhorter,* 56 Ga. 183; *Rippon* v. *Norton,* 2 Beav. 63; *Page* v. *Way,* 3 id. 20; *Wiles* v. *White,* 10 Rich. Eq. 294; *Joor* v. *Hodges,* Speer's Eq. 593.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Asahel Gridley, by his last will and testament, devised to trustees certain valuable real estate, upon the following trusts, namely: "To keep said lands and tenements well rented; to make reasonable repairs upon the same; to pay promptly all taxes and assessments thereon; to keep the buildings thereon reasonably insured against damages by fire; *to pay over all remaining rents and income in cash, into the hands of my said daughter, Juliet, in person, and not upon any written or verbal order, nor upon any assignment or transfer by the said Juliet.* At the death of the said Juliet said trust estate shall cease and be determined, and the said lands shall vest in the heirs of the body of the said Juliet, and in default of such heirs, shall descend to the heirs of my body then living, according

to the laws of Illinois then in force regulating descents." After the death of Gridley his will was duly probated, and no question is made as to its form, or the capacity of the testator to make a will. The trustees named in the will having refused to act, by a proper proceeding in chancery William H. Whitehead, the defendant in error, was duly appointed trustee in their stead, and thereupon took possession of the devised premises, and otherwise assumed the duties of the trust. Certain moneys, being a part of the rents and profits of the estate, having come into his hands, as trustee, and which, under the provisions of the will, it was his duty to pay over to Juliet, the daughter, were attached in his hands by one of her creditors. The trustee appeared and filed an answer, as garnishee, setting up the trust and the special provisions of the will above cited, and the question presented for determination is, whether the money thus held by him was subject to garnishment.

The authorities are not in accord on this subject. Under the rule as laid down by the courts of England, and by the courts of final resort in a number of the States of the Union, the fund attached would clearly be subject, in equity, to the payment of the daughter's debts. (*Tillinghast* v. *Bradford,* 5 R. I. 205; *Smith* v. *Moore,* 37 Ala. 330; *Heath* v. *Bishop,* 4 Rich. Eq. 46; *McIlvain* v. *Smith,* 42 Mo. 45.) A contrary rule prevails in Pennsylvania, Massachusetts, and perhaps other States, which seems to be supported by the reasoning of the Supreme Court of the United States in *Nichols* v. *Eaton,* 91 U. S. 716. The question, so far as we are advised, is a new one in this court, and in view of the respectable authority to be found on either side of it, we feel at liberty to adopt that view which is nearest in accord with our convictions of right and a sound public policy.

That it was the intention of the testator to place the net income of the property beyond the control of his daughter and her creditors while in the hands of the trustee, is mani-

fest, and we perceive no good reason, nor has any been suggested, why this intention should not be given effect. We fully recognize the general proposition that one can not make an absolute gift or other disposition of property, particularly an estate in fee, and yet at the same time impose such restrictions and limitations upon its use and enjoyment as to defeat the object of the gift itself, for that would be, in effect, to give and not to give, in the same breath. Nor do we at all question the general principle that upon the absolute transfer of an estate, the grantor can not, by any restrictions or limitations contained in the instrument of transfer, defeat or annul the legal consequences which the law annexes to the estate thus transferred. If, for instance, upon the transfer of an estate in fee, the conveyance should provide that the estate thereby conveyed should not be subject to dower or to curtesy, or that it should not descend to the heirs general of the grantee upon his dying intestate, or that the grantee should have no power of disposition over it, the provision, in either of these cases, would clearly be inoperative and void, because the act or thing forbidden is a right or incident which the law annexes to every estate in fee simple, and to give effect to such provisions would be simply permitting individuals to abrogate and annul the law of the State by mere private contract. This can not be done. But while this unquestionably is true, it does not necessarily follow that a father may not, by will or otherwise, make such reasonable disposition of his property, when not required to meet any duty or obligation of his own, as will effectually secure to his child a competent support for life, and the most appropriate, if not the only, way of accomplishing such an object is through the medium of a trust. Yet a trust, however carefully guarded otherwise, would in many cases fall far short of the object of its creation, if the father, in such case, has no power to provide against the schemes of designing persons, as well as the improvidence of the child itself. If the

beneficiary may anticipate the income, or absolutely sell or otherwise dispose of the equitable interest, it is evident the whole object of the settlor is liable to be defeated. If, on the other hand, the author of the trust may say, as was done in this case, the net accumulations of the fund shall be paid only into the hands of the beneficiary, then it is clear the object of the trust can never be wholly defeated. Whatever the reverses of fortune may be, the child is provided for, and is effectually placed beyond the reach of unprincipled schemers and sharpers.

The tendency of present legislation is to soften and ameliorate, as far as practicable, the hardships and privations that follow in the wake of poverty and financial disaster. The courts of the country, in the same liberal spirit, have almost uniformly given full effect to such legislation. The practical results of this tendency, we think, upon the whole, have been beneficial, and we are not inclined to render a decision in this case which may be regarded as a retrograde movement. The creditors of the daughter have no ground to complain that they have been misled or wronged in consequence of the provision made for her by her father. It was his own bounty, and so far as they are concerned he had the right to dispose of it as he pleased. The property was not placed in her possession so that she might appear as owner when she was not, and thereby obtain credit. An examination of the public records would have shown that she had no power to sell or assign her equitable interest,—that the extent of her right was to receive the net accumulations of the trust estate from the hands of the trustee, and that these accumulations did not become absolutely hers, so as to render them subject to legal process for her debts, until actually paid to her.

The McLean circuit court, and the Appellate Court for the Third District, having reached a conclusion in accord with the views here presented, the judgment will be affirmed.

*Judgment affirmed.*