## Charles W. Bennett v. Mary A. Bennett, David A. Syme and Ernest A. Blake.

1. TRUSTS—*Active and Passive.*—When a contract is to be executed or duty to be performed by a trustee, or when he is to exercise a discretion in the management of the estate or in the investment of the proceeds or the principal, then an active trust is created. On the other hand, where the estate is conveyed to one person simply for the use of another, or, to the intent that the latter shall have the rents, issues and profits thereof, the conveyance or devise creates a use which the statute executes, for in such cases the trustee has no duty to perform with respect to the estate conveyed.

2. SPENDTHRIFT TRUSTS—*Application of the Term.*—Spendthrift trust is the term commonly applied to those trusts created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or capacity for self-protection. Provisions against alienation of the trust fund by the voluntary act of the beneficiary, or *in invitum* by his creditors, are the usual incidents of such trusts. These trusts have been recognized and upheld in the courts of this State.

3. SAME—*Conditions Against Alienation.*—The rules of law applicable to spendthrift trusts apply equally to conditions annexed to the grant or devise providing against alienation, whether by the voluntary act of the beneficiary, or at the instance of his creditors, and such conditions are upheld, even where there is no intervention of a trustee.

4. SAME—*Rights of the Cestui Que Trust.*—A *cestui que trust* is not entitled to call for the legal estate, when, from the nature of the trust, his ownership is not immediate and absolute, and where it would defeat or put it in his power to defeat or endanger, a legitimate ulterior limitation of the trust.

5. EQUITY JURISDICTION—*Over Trustees.*—In such case a court of equity ought not to compel a trustee to make any other disposition of the fund than that pointed out by the plain provisions of the will.

6. SHELLY'S CASE—*Application of the Rule in.*—The rule in Shelly's case has no application to a bequest to the trustee of a fund to be held by him until a contingency may happen when he will be authorized to pay it to the *cestui que trust.*

**Bill to Compel the Payment of a Legacy.**—Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

W. C. KELLUM, attorney for appellant, contended that where a sole trustee disclaims a devise in trust, the legal estate will vest in the heir of the devisor. Perry on Trusts (3d Ed.), Vol. 1, p. 354, Sec. 273; Hill on Trustees (3d Am. Ed.), p. 334, star p. 226; West v. Fitz, 109 Ill. 442.

Consent to the bequest of the principal may be presumed from the fact that the executrix has paid the income to the legatee as directed. 13 Am. & Eng. Ency. of Law, p. 154; Adams Equity (Am. Ed. 1859), note 1, star p. 251.

If the testator direct that the fund be severed from his estate immediately, and set apart for the benefit of the legatee, the title thereto will vest in the legatee. 2 Williams on Executors (6th Am. Ed.), 1340 (1239); Weyman's Executors v. Ringold, 1 Bradf. (N. Y.) 40; Warner v. Durant, 76 N. Y. 133; Manice v. Manice, 43 N. Y. 368; Beach on Wills, p. 329, Sec. 173.

Where the gift is to be severed *instanter* from the general estate, for the benefit of the legatee, and in the meantime the interest thereof is to be paid to him, the principal will be deemed to have vested. Beach on Wills, p. 337, Sec. 178; Redfield on Wills (3d Ed.), Vol. 2, star p. 233, Sec. 16, par. 31, note 64; Patterson v. Ellis, 11 Wend. (N. Y.) 259; Weyman's Executors v. Ringold, 1 Bradf. (N. Y.) 40; Warner v. Durant, 76 N. Y. 133; Bac. Abr. (Ed. 1860), Vol. 6, title Legacies, p. 265, Rule 2, Sec. 1; Williams on Executors (6th Am. Ed.), Vol. 2, p. 1335.

Where there is a gift of a legacy to be paid at, or when the legatee shall attain any specified age, or at the death of a particular person, the gift vests in the legatee at the death of the testator. The time only applies to the payment. 1

Jarman on Wills (5th Ed.), star p. 806, 807; Bac. Abr., Ed. 1860, Vol. 6, 263, title Legacies, Rule 1; Weyman's Executors v. Ringold, 1 Bradf. 40; Redfield on Wills (3d Ed.), Vol. 2, Sec. 16, par. 38, star p. 238; Beach on Wills, p. 335; Sec. 177; Van Wyck v. Bloodgood, 1 Bradf. 155; Patterson v. Ellis, 11 Wend. 276; Furness v. Fox, 1 Cush. 136.

As to the use of the word "absolutely" in this gift, see Rapalye & Lawrence Law Dictionary, 6.

Where a legacy under a will vests in the legatee upon the death of the testator, but payment is postponed until the legatee attains a certain age, upon the death of the legatee the legacy passes and vests in the next of kin of the legatee. In re Murphy, 144 N. Y. 557; Schofield v. Ollcott, 120 Ill. 362.

Where the will imports a present interest in the devisee, it is to be construed so that any condition in the same shall be held to be subsequent and not precedent. Redfield on Wills (3d Ed.), Vol. 2, star p. 303, Sec. 18, par. 46; Williams on Executors (6th Am. Ed.), Vol. 2, p. 1358 (1259); Bell County v. Alexander, 22 Tex., p. 350; Linton v. Leycock, 33 Ohio St. 128.

Where the testator devises an absolute interest in personal property, any attempt to control its subsequent disposition is void, as an interference with the absolute right of property already granted. Steib v. Whitehead, 111 Ill. 247; Wolfer v. Hemmer, 144 Ill. 554; Ewing v. Barnes, 156 Ill. 61; Patterson v. Ellis, 11 Wend. 299; McDonald v. Walgrove, 1 Sand. Ch. 274; Wilmoth v. Wilmoth (Va.), 12 S. E. Rep. 731.

Chattels may be limited over by way of remainder after a life interest in them is created, though not after a gift of the absolute property. 2 Kent's Com. 352.

A general devise with remainder over contingent upon the death of the first taker within a given age, will vest a fee in the first taker. Beach on Wills, Sec. 170; Lippet v. Hopkins, 1 Gall. (U. S.) 455; Leading Cases, Am. Law Real Property, Vol. 1, p. 66.

Whether the gift be given direct to the legatee or through the intervention of trustees makes no difference. Redfield

on Wills (3d Ed.), Vol. 2, star p. 225, Sec. 19; Schofield v. Olcott, 120 Ill. 362.

The word " heirs " is a technical word of limitation and not of purchase.  Tindall v. Miller, 41 N. E. Rep. 535; Rawson et al. v. Rawson et al., 52 Ill. 66; Perry on Trusts, Vol. 1, Sec. 371; Carpenter v. Van Olinder, 127 Ill. 42; Patterson v. Ellis, 11 Wend. 276; Armstrong v. Moran, 1 Bradf. 315; Leading Cases, Am. Law Real Property, Vol. 2, 344; Wood v. Seaver (Mass.), 33 N. E. Rep. 587; Jarman on Wills (5th Ed.), Vol. 2, star p. 61, note 1; 2 Washburn on Real Property, 402; 1 Rapalye & Lawrence Law Dictionary, 599.

The devise over to the heirs of the legatee is void, since no one can have heirs capable of taking an estate, as such, while the ancestor is living.  Redfield on Wills, Vol. 2, star p. 302, par. 42; Heard v. Horton, 1 Den. 165.

If a devise gives to an heir precisely the same estate that he would take by descent, he takes by descent and not by the will.  4 Kent's Com., 507.

Where property is devised in trust with the time of payment only postponed, the equitable estate may be conveyed or mortgaged by the *cestui que trust*, and is liable to the payment of his debts, unless the instrument of trust provides otherwise.  27 Am. & Eng. Ency. of Law, 235; 2 Washburn on Real Property, star p. 208, Sec. 16, and star p. 105, Sec. 10; Perry on Trusts (3d Ed.), Vol. 1, Sec. 321; Steib v. Whitehead, 111 Ill. 247.

Where the whole beneficial interest is in the legatee, both of the income of the property and in the property itself, and no provision in the will that the income or estate be inalienable by legatee or attachable by his creditors, he is entitled to a decree terminating the trust.  Am. & Eng. Ency. of Law, Vol. 13, p. 162; Williams on Executors, 1505; Fausler v. Jones, 7 Ind. 277; Sears v. Choate et al., 15 N. E. Rep. 786; Perry on Trusts (3d Ed.), Vol. 2, Sec. 920; Ruffin v. Farmer, 72 Ill. 615; Everitt v. Everitt, 29 N. Y. 39.

CARNES & DUNTON and H. T. SMITH, attorneys for appellees, contended that the trust created by this will is an

active trust as distinguished from a simple, dry or passive trust, and is established by Illinois authorities.

If any control is to be exercised or duty performed by the trustees in applying the rents to a person's maintenance, or in making repairs, or to preserve contingent remainders, or to raise a sum of money, or to dispose of the estate by sale, in all these and in other and like cases the operation of the statute (of uses) is excluded and the trusts or uses remain mere equitable estates; so also, if the trustee is to exercise any discretion in the management of the estate in the investment of the proceeds or the principal. Kirkland v. Cox et al., 94 Ill. 412; see also Perry on Trusts, Sec. 305; Kellogg v. Hale et al., 108 Ill. 168; Green et al. v. Grant et al., 143 Ill. 72; Hart et al. v. Seymour et al., 147 Ill. 611.

A simple trust is where the property is vested in one person in trust for another, and the nature of the trust not being qualified by the settlor, is left to the construction of the law.  In this case, the *cestui que trust* has *jus habendi*, or the right to be put in actual possession of the property, and *jus disponendi*, or the right to call on the trustees to execute conveyances of the legal estate as the *cestui que trust* directs.  A special trust is where the machinery of a trustee is introduced for the execution of some purpose particularly pointed out, and the trustee is not, as in a simple trust, a mere passive depositary of the estate, but is called upon to exert himself in the execution of the settlor's intention.  Cooper v. Cooper, 36 N. J. Eq. 123; Lewin on Trusts, 21; Force v. Brown, 32 N. J. Eq. 118; see also Emerson et al. v. Marks, 24 Ill. App. 642; Waldo v. Cummins, 45 Ill. 421; Steib, etc., v. Whitehead, 111 Ill. 247; Stambaugh's Estate, 135 Pa. St. 585.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

On December 27, 1891, Charles D. Bennett, late of De Kalb County, Illinois, died, leaving a last will and testament, which was duly admitted to probate, in said county, on January 9, 1892.

Testator left surviving him the defendants, Mary A. Bennett, his widow, and Ernest A. Blake, a grandchild, and the complainant, Charles W. Bennett, his only surviving child. By his said will, testator appointed his wife, Mary A. Bennett, and the defendant David A. Syme, executrix and executor thereof; the latter being also named as trustee. David A. Syme refusing to act either as executor or trustee, defendant Mary A. Bennett was appointed sole executrix, duly qualified, and is still acting as such. No trustee has ever been appointed. By the second clause of his will, the testator gave to his wife, said Mary A. Bennett, "for her comfortable support and maintenance, the use during her natural life, of all my estate, both real and personal, of whatever name or nature, together with the right and authority to dispose of the same, or any part thereof, as she may see fit, and to use the interest, and so much of the principal of my said estate, as may be necessary for her support and maintenance as aforesaid; charged, however, and subject to the payment of the sum of three thousand dollars to my trustee, David A. Syme, as hereinafter pro-. vided, for the benefit of my son, Charles W. Bennett, and also to the payment of a legacy of five hundred dollars to my grandson, Ernest A. Blake, as hereinafter provided."

The third clause of said will, out of which this contro- versy arises, is as follows: "I give, devise and bequeath to my trustee, David A. Syme, the sum of $3,000 in trust, to in- vest the same in notes and mortgages on unincumbered real estate, or other safe investments as his good judg- ment may dictate, with interest semi-annually, to be collected and paid to my son, Charles W. Bennett, semi-an- nually until he attains the age of forty years, and if my said wife is then living, to pay to my said son, Charles W. Bennett, at such time, the said sum of $3,000, which shall then become his absolutely; but if my said wife is not living when my said son becomes forty years of age, then and in that case said David A. Syme shall retain the said $3,000 and invest the same and pay the interest to my said son, Charles W. Bennett, as hereinbefore provided, for ten years

thereafter, or until he arrives at the age of fifty years, at which time the said $3,000 shall be paid to my son, and become his absolutely, and in case of his death before the time or times herein fixed for the payment of the $3,000 to him, it shall go to his heirs. "

There are other provisions in the will, but we do not deem it necessary to a proper understanding of this controversy that they should be here set forth.

Complainant filed his amended bill setting up the foregoing fact, and the further fact that the sum of $3,000 had been separated from the rest of the estate of Charles D. Bennett, deceased, and since February 29, 1892, has been in the hands of Mary A. Bennett, as such executrix; that she has invested said sum on May 16, 1892, in a loan to one Samuel Whitney, on his note secured by unincumbered real estate in said county; said note being payable in five years after date, with interest at six per cent, payable semi-annually; also, that said Mary A. Bennett has paid and accounted to complainant for interest on said sum of $3,000 at the rate of six per cent per annum semi-annually, since the 29th day of February, 1892, up to and including November 16, 1894. (The bill herein was filed October 8, 1894.)

Complainant alleges in his amended bill that he is thirty-four years of age, in poor health and unable to perform manual labor; that he has no trade or profession by which he can earn a living; that his only source of income is the interest on this $3,000 or $180 per year, which he avers is insufficient to support him. That he is now in debt about $800, and has no means of paying it. Avers that a trustee should be appointed and that there should be decreed to be paid to him out of said sum of $3,000, a sufficient amount to pay all his outstanding debts and obligations, and a further sum sufficient to enable him to enter into some trade or business, out of which he could earn money enough to support him.

Further avers that by the terms of the third clause of the will, said sum of $3,000 is vested in him, and subject to levy and sale upon execution, and fears that the indebtedness

against him may be put into judgment and his interest in the $3,000 sold to satisfy the same, and that he will be put to great cost and expense unless the said sum of $3,000 is paid to him.

Prays for the appointment of a trustee, and that said Mary A. Bennett be decreed to pay over to such trustee said sum of $3,000, and that the trustee so appointed be ordered by the court to pay over to complainant said sum of $3,000 and take his receipt therefor, and that thereupon said trustee be discharged; or, that the court may order the trustee to pay to complainant a sum sufficient to pay all his outstanding indebtedness and to enable him to enter into some business sufficient for his support.

The defendant Mary A. Bennett filed a demurrer to the amended bill, coupled with an answer. The answer admits most of the material allegations of the bill, except as to the health of the complainant and his inability to perform manual labor, and as to such portions of the bill it denies the same and avers that complainant is in good health and able to earn a support if he would, but that he is of idle and spendthrift habits, and that it was because of the knowledge the testator had of the idle and spendthrift habits, and disposition of the complainant to indulge in imprudent speculations and investments, and his prior losses by such conduct and mismanagement of business, that he, the said testator prudently provided by the will that the said complainant should not receive the said $3,000, except under the circumstances set forth in the third clause of the will; and avers that testator did not intend that complainant should receive the $3,000 at all unless the contingencies mentioned in said third clause should occur that would entitle him thereto; that the present heir presumptive of said complainant is the defendant Ernest A. Blake.

The answer further avers that what complainant is able to earn, added to his income from said $3,000, will be quite sufficient to furnish him a comfortable support and maintenance, and that it would not be to his advantage or benefit, at the present time, to engage in any business as the

owner and manager thereof. Admits that a trustee should be appointed, but denies that otherwise the complainant is entitled to any of the relief prayed.

To so much of the bill as claims that said sum of $3,000 is vested in the complainant and is subject to levy and sale under executions against him, and that he is entitled to have the same paid to him now, the defendant Mary A. Bennett demurs.

On the hearing, the complainant, in open court, withdrew his application for the appointment of a trustee in place of David A. Syme, who declined to act as such, and thereupon the court sustained the demurrer to the amended bill, and dismissed the same so far as demurred to; and the complainant having waived a hearing on the other matters in said amended bill, and filing no replication to the answer thereto, the court dismissed the amended bill at the costs of the complainant, from which action of the court the complainant prosecutes this appeal.

The court below found, by its decree, that the principal sum of $3,000 legacy to be put into the hands of David A. Syme, as trustee, and to be loaned by him, as provided in the third clause of the will of Charles D. Bennett, deceased, the interest to be paid to said complainant semi-annually, is not vested in said complainant, nor liable for the payment of his debts, but his right thereto is dependent on the contingencies of his living to be forty years of age, and said Mary A. Bennett then living, or in case she is then deceased, on his living to be fifty years of age, and in case of his being deceased before he becomes entitled thereto, the said $3,000 is to go to whomsoever may be his heirs, as substituted legatees under said will.

In these findings of the court we think there was no error. By no fair interpretation of the language used in the third clause of the will can it be said that there was manifest an intention to vest in the complainant an absolute right to this sum of $3,000 on his father's death. The bequest was to David A. Syme, " in trust to invest the same in notes and mortgages on unincumbered real estate, or

other safe investments, as his good judgment may dictate," etc.

Here, then, was created an active, as contradistinguished from a simple, dry, or passive trust.

We understand the rule to be that when any control is to be exercised, or duty to be performed by the trustee, or when he is to exercise discretion in the management of the estate, or in the investment of the proceeds or the principal, there an active trust is created. Perry on Trusts, Sec. 300, cited in Kirkland v. Cox et al., 94 Ill. 412; Kellogg v. Hale et al., 108 Ill. 168; Hart et al. v. Seymons et al., 147 Ill. 611.

On the other hand, where the estate is conveyed to the person simply for the use of another, or, to the intent that the latter shall have the rents, issues and profits thereof, the conveyance or devise creates a use which the statute executes; for in such cases the trustee has no duty to perform with respect to the estate conveyed. Meacham v. Steele et al., 93 Ill. 135–146.

In the cases above cited, the court was considering the statute of uses, and in determining whether a case was within that statute or not, it distinguished between an active trust and a simple, dry, or passive trust. And while the case now under consideration does not fall within the rule of the statute of uses, because the subject of the trust is not real estate, yet, even if it did, under the authority of those cases, the trust must be held active, because of the discretion given to the trustee as to investments.

We are of the opinion that the third clause of the will creates what is called a " spendthrift trust," and that all the rules of law applicable to such trusts must be held to apply to, and control, the right of the complainant in the trust fund thereby brought into being.

" Spendthrift trust " is the term commonly applied to those trusts that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection. Provisions against alienation of the trust

fund by the voluntary act of the beneficiary, or *in invitum* by his creditors, are the usual incidents of such trusts." 23 Am. & Eng. Ency. of Law, 5.

Such trusts have been recognized and upheld in the courts of this State. Steib v. Whitehead, 111 Ill. 247.

The same is true as to conditions annexed to the grant or devise providing against alienation, whether by the voluntary act of the beneficiary, or at the instance of his creditors. Waldo et al. v. Cummings, 45 Ill. 421.

And such conditions have been upheld, even when there was no intervention of a trustee. Emerson, Talcott & Co. v. Marks, 24 App. 642.

In the case of Steib v. Whitehead, *supra*, the court, while recognizing the fact that the authorities were not in harmony on this subject, yet, after full consideration, held that a father may devise his estate to a trustee for the beneficial use of his daughter, and place the same beyond her control, and that of her creditors, while in the hands of a trustee, and the court in that case gave full effect to the intention of the testator, who had created what was, to all intents and purposes, a spendthrift trust. In the case at bar, it is true, there is no express provision against alienation, nor that the fund shall not be subject to the debts of the beneficiary, but from the whole will it appears to have been the manifest intention of the testator that the complainant should have no power to control or alienate the fund until the happening of the contingencies upon which the same was to vest in him absolutely.

The language of the third clause is clear upon this subject. It provides that the trustee shall collect the interest semi-annually, and pay the same to the complainant "until he attains the age of forty years, and, if my said wife is then living, to pay to my said son, Charles W. Bennett, at such time, the said sum of three thousand dollars, which shall then become his absolutely." If the wife, however, was then dead, the vesting of this $3,000 was to be deferred ten years longer, or until complainant should attain the age of fifty years.

It is thus seen that the testator took especial pains to point out the time when the legacy should vest, and not until that time arrives has the complainant any right to its control, nor can it be reasonably contended that his creditors can obtain any greater rights in the fund than he himself has under the will. It is to be observed further, that the complainant is not the only one interested in this fund. On the contrary, in case of his death before the time or times fixed for the payment of the $3,000 to him, absolutely, the same is to go to his heirs, and the answer of Mary A. Bennett avers that Ernest A. Blake, the grandson, is now his heir presumptive.

The testator had the right to dispose of his property in the manner provided by the will, and his intention being clear, and violating no rule of law that we are aware of, it should be respected. We understand the rule to be that a *cestui que trust* is not entitled to call for the legal estate, when, from the nature of the trust, his ownership is not immediate and absolute, and where it would defeat, or put it into his power to defeat or endanger, a legitimate ulterior limitation of the trust.

In this case there is no trustee, because the person designated as such by the will, refused to act, but the court below would have appointed one had not complainant withdrawn his application to have such appointment made. After the demurrer was sustained to the other portions of the amended bill, nothing was left but the prayer for the appointment of a trustee, and that application being withdrawn, the court could do nothing else than dismiss the bill. But, had a trustee been appointed so as to take the legal title to, and control of, the fund, we think it would have been his duty to retain it for the protection of those who might be entitled, upon the happening of certain contingencies in the future, to the payment of the fund to them.

In such case a court of equity ought not to compel a trustee to make any other disposition of the fund than that pointed out by the plain provisions of the will.

On the whole, we see nothing in the technical rules of law

applicable to other trusts, which require us to defeat the clear intention of the testator as expressed in his will.

Appellant has attempted to invoke the rule in Shelly's case, in aid of his contention that he is now entitled to have this fund of $3,000 paid to him as his absolute property. It is true the will provides that in case of complainant's death before the time or times herein fixed for the payment of the $3,000 to him, it shall go to his heirs, yet, even if it be conceded that the rule in Shelly's case applies to gifts or grants of personalty, we think it has no application in this case. There is here no gift, grant, devise, or bequest to complainant, but a bequest to the trustee of a fund to be held by him until a contingency might happen when he would be authorized to pay it to complainant.

This contingency might or might not happen, and if not, then the fund would go to the complainant's heirs, and it would never rest in him at all. All that complainant is entitled to under this will, is to receive the interest on the $3,000 until he attains the age of forty years, and then, if Mrs. Bennett is still living, he will be entitled to receive the principal; but until that time arrives we do not see that a court of equity can grant him any relief, except that upon his application a trustee would be appointed to carry out the trust according to the terms of the will.

Finding no error in the record, the decree of the Circuit Court will be affirmed.