## John A. White, Appellant, v. Harry F. Williams, Trustee, Appellee.

### Gen. No. 17,034.

1. TRUSTS—*when devise to trustees creates spendthrift trust.* A devise, by a father, of money to trustees to invest, directing them to pay the income in semi-annual instalments, in cash, into the hands of his son, in person, and not upon any order or assignment or transfer by the son and that in no event shall the son have the power to anticipate his income either by voluntary orders or transfers, or by application of law by virtue of any legal pro-

ceedings against the son, creates a spendthrift trust putting the fund and the income beyond the reach of the creditors until it is paid to the son in person, and an assignee of the son's interest will take nothing under an assignment anticipating a payment.

2. PERPETUITIES—*when provision as to time of distribution of estate does not violate rule.* Where a testator devises his property to trustees directing them to pay the income to the beneficiaries, a provision that there shall be a final distribution of the whole estate ten years after the probate of the will does not violate the rule against perpetuities.

3. WILLS—*when limitation over of personalty will not avoid devise.* Where a father devises money to trustees to invest in securities directing them to pay the income to his son as long as he lives, and to pay the fund at his death to his children, and a spendthrift trust is created, it is the intention that the trustees shall control the fund, and an alleged rule that a limitation over of chattels after the death of the first taker is void, has no application.

Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

EDMUND H. SMALLEY, for appellant.

LACKNER, BUTZ & MILLER, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court, sustaining a general demurrer filed by appellee to a bill of complaint filed by appellant, which seeks to subject the interest of Henry E. Huck in the estate of his deceased father, Louis C. Huck, to the payment of an indebtedness evidenced by three promissory notes signed by the former and payable to the appellant. The bill alleges, in substance, that Louis C. Huck died in Chicago in December, 1905, leaving a last will and testament, which was duly admitted to probate in Cook county; that he left him surviving a widow, four daughters and two sons, one of whom was

Henry E. Huck; that by the will of Louis C. Huck, after providing for the payment of debts and certain specific legacies, all the remainder of his estate was devised to Paula Reif Huck (his wife), Harry F. Williams and Otto C. Butz, as "general trustees," who were given full power to manage and control the property, and directed to convert the same into cash as soon as convenient; that the will provides that the general trustees "shall pay over to Harry F. Williams and Otto C. Butz, as trustees, the sum of $15,000 as soon as, in their opinion, the condition of the estate warrants the same," to be kept invested by said special trustees in interest bearing securities; that said two trustees "shall turn over all incomes not needed to pay taxes and necessary expenses of said trust, in semi-annual installments, in cash, into the hands of my son, Henry E. Huck, in person as long as he lives, and not upon any written or verbal order, nor upon any assignment or transfer by said Henry E. Huck, and in no event shall said Henry E. Huck have the right or power to anticipate his share of said income by any order on said trustees, or other voluntary transfer, or by application of law by virtue of any attachment, judgment, decree or other legal proceedings against him. This trust shall continue for and during the life of said Henry E. Huck, unless the same is sooner terminated by the direction of said Henry E. Huck, and the consent of at least one of said trustees; and in case said trust is terminated by said Henry E. Huck and said trustees, then said trustees are directed to pay the entire corpus of the estate then in their hands, together with such income which accrued from the same as they have, unto said Henry E. Huck;" that the will further provides that if said trust is not terminated before Henry E. Huck's death, the two trustees shall pay over what remains of said $15,000 fund to his children, if any survive him, or if not, then to be divided in the same manner as the

residue of the estate; that the "general trustees" are directed by the will to divide semiannually the net income of the remainder of the estate (after paying a certain bequest, and after paying to Williams and Butz, as "special trustees" said sum of $15,000) in specified shares between the wife and the children of the deceased other than Henry E. Huck and one of the daughters; that when a majority of the general trustees shall deem it advisable to make a division of the whole estate they may do so, giving the wife one-third and the remainder to the four children last mentioned; and that such trustees "shall be compelled to make a division of my said estate at the expiration of ten years from and after the date of the probate of my will, if they have not before that time already made such division in the exercise of the discretion conferred upon them hereby, provided that if all my said children shall die before the expiration of ten years, such division shall be made upon the death of my last surviving child."

The bill further avers that in July, 1907, the estate of said deceased was fully settled in the Probate Court of Cook county, and the residue of said estate was turned over to the trustees under the will, "who are still acting as such trustees and retain control of said entire estate, including said $15,000 belonging to said Henry E. Huck;" that in November and December, 1907, Henry E. Huck obtained a loan of $815 from appellee in Salt Lake City, Utah, upon a representation that he was a legatee named in the will above mentioned, and entitled to receive from his father's estate $15,000, and a quarterly allowance of $1,600, and that he would soon receive the same and would then repay the loan; that appellant relied on such representations; that Henry E. Huck executed his three notes, aggregating $815, payable one on demand, one on December 3, 1907, and one on January 4, 1908, with interest at 10 per cent. per annum; that to secure said

loan, Henry E. Huck "pledged, transferred and assigned verbally to your orator, all his interest in the estate of his father, Louis C. Huck, * * * both as heir and as legatee;" that to further secure the loan, Henry E. Huck gave to appellant a written document, signed by Henry E. Huck, in which the latter agreed "that I will not use my share of my father's estate until the money due said J. A. White, of Salt Lake City, Utah, is repaid in full;" that no part of said loan has been repaid. It is alleged that the interest of said Henry E. Huck in his father's estate is a vested interest; that the trust is a dry and passive trust, and that Henry E. Huck was the absolute owner of said $15,000 when he pledged the same to appellant. The bill contains the usual prayer of a foreclosure suit.

Appellant's counsel has raised a series of questions involving the validity of the whole will of Louis C. Huck, the validity of the special devise or bequest for the benefit of Henry E. Huck, and the construction and effect to be given to the different portions of the will. On behalf of appellee, it is claimed that the will created a spendthrift trust for the benefit of Henry E. Huck, which puts the fund and the income thereof beyond the reach of his creditors until after the special trustees have paid the same over to him in person. This contention is disputed by appellant's counsel, who reasons that a testator cannot devise an estate, and at the same time impose restrictions upon its alienation by the devisee; or in other words, that a testator cannot both "give and not give in the same breath."

In Steib v. Whitehead, 111 Ill. 247, the doctrine that a testator may create what has become known as a spendthrift trust was recognized and established as law in Illinois. There the court said of a will similar in this respect to the one here involved (p. 250) : "That it was the intention of the testator to place the net income of the property beyond the control of his daugh-

ter and her creditors while in the hands of the trustee, is manifest, and we perceive no good reason, nor has any been suggested, why this intention should not be given effect. We fully recognize the general proposition that one cannot make an absolute gift or other disposition of property, particularly an estate in fee, and yet at the same time impose such restrictions and limitations upon its use and enjoyment as to defeat the object of the gift itself, for that would be, in effect, to give and not to give, in the same breath. Nor do we at all question the general principle that upon the absolute transfer of an estate, the grantor cannot, by any restrictions or limitations contained in the instrument of transfer, defeat or annul the legal consequences which the law annexes to the estate thus transferred. * * * But while this unquestionably is true, it does not necessarily follow that a father may not, by will or otherwise, make such reasonable disposition of his property, when not required to meet any duty or obligation of his own, as will effectually secure to his child a competent support for life, and the most appropriate, if not the only, way of accomplishing such an object is through the medium of a trust. * * * If the beneficiary may anticipate the income, or absolutely sell or otherwise dispose of the equitable interest, it is evident the whole object of the settlor is liable to be defeated. If, on the other hand, the author of the trust may say, as was done in this case, the net accumulations of the fund shall be paid only into the hands of the beneficiary, then it is clear the object of the trust can never be wholly defeated.''
A comparison of the language of the will in question with the foregoing quotation shows that the provisions of the will adhere closely to the language of the opinion quoted. The case of Steib v. Whitehead, *supra,* was approved and followed in King v. King, 168 Ill. 273, in Bennett v. Bennett, 217 Ill. 440, and in Wagner v. Wagner, 244 Ill. 101. The argument of appellant's

counsel proceeds upon the theory that by the will in question, Henry E. Huck took a vested interest in the fund directed to be set apart for his benefit, and that this is a case of a "present vesting of title where the enjoyment in possession is postponed," such as was before the court in Pearson v. Hanson, 230 Ill. 610, and in Armstrong v. Barber, 239 Ill. 389; but in the Pearson case, *supra,* it was distinctly stated that one test for determining whether an estate devised by will is vested or contingent, may be found in the expressed or implied purpose of the testator in making the devise; that when such purpose is personal to the *legatee,* and not for the convenience of the *fund,* then the estate will not vest until the time appointed. The same test is recognized in Armstrong v. Barber, *supra,* and in Wagner v. Wagner, *supra.* There can be no doubt that by the will in question the testator's purpose in directing the fund of $15,000 to be set apart in the hands of special trustees and paid over only to the son in person was a purpose purely personal to the legatee, and not for the convenience or accumulation of the fund. In Bennett v. Bennett, *supra* (p. 445), it was expressly held that where such is the fact, no estate vests in the legatee.

Great stress is laid by appellant's counsel upon an expression founded in the opinion in the case of Pearson v. Hanson, *supra,* to the effect that a testator cannot both "give and not give in the same breath;" this expression, however, had its origin in the case of Steib v. Whitehead, *supra,* as the quotation from that case in this opinion shows; and the court there held that a spendthrift trust does not "give and not give in the same breath" because there is no gift *in præsenti* to the legatee in such case. From the authorities cited, we are clearly of the opinion that the provision of the will in question created a spendthrift trust, and that the fund thus set apart is beyond the reach of the creditors of Henry E. Huck until after the money is actu-

ally paid into his hands; that such fund is also beyond his own control until it has been paid into his hands, and that, therefore, the appellant took nothing by the alleged assignment or pledge of such fund in anticipation of its payment to Huck by the special trustees.

It is also urged that the will violates the rule against perpetuities, in that it provides for a final distribution of the whole estate "ten years after the probate of the will," and our attention is called to the case of Johnson v. Preston, 226 Ill. 447, as supporting this view. It will be enough to say that the case thus cited has been twice distinguished by the Supreme Court as inapplicable to facts such as are here shown to exist. Armstrong v. Barber, *supra;* Mettler v. Warner, 243 Ill. 600.

It is further urged that "a limitation over of chattels after the death of the first taker is void." The devise here is to the trustees for the life of Henry E. Huck, and upon his death to be paid to his children. In such cases, where the intention of the testator is clear that the trustees shall control the fund, the rule invoked has no application. Smith v. Smith, 254 Ill. 488.

Numerous other propositions, along the same general line, have been suggested in the briefs and in argument. We have fully considered them, but find nothing that in our opinion tends to put this case in any different class than that of Steib v. Whitehead, *supra.* The demurrer to the bill of complaint was properly sustained, and as this demurrer goes to the very essence of the relief sought, the bill was properly dismissed for want of equity.

The judgment of the Superior Court will be affirmed.

*Affirmed.*