Congress Hotel Company, Appellant, v. Laura Martin, First Trust and Savings Bank, Trustee, etc., Garnishee, Appellee.

Gen. No. 27,938.

GARNISHMENT—*when funds held under spendthrift trust not garnishable.* Funds in the hands of a testamentary trustee under a spendthrift trust, payable to the beneficiary for her comfortable support and maintenance "in person and not upon any written or verbal order nor upon any assignment or transfer * * *, or by operation of law," are not subject to garnishment at the suit of one who furnished the beneficiary with funds for the purchase of clothing for herself and with hotel accommodations, even though the funds in the hands of the trustee are greatly in excess of the beneficiary's requirements for comfortable support and maintenance.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Affirmed. Opinion filed October 17, 1923.

SIMEON STRAUS & IRA E. STRAUS, for appellant.

WILSON, MCILVAINE, HALE & TEMPLETON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of attachment against the defendant, Laura Martin, to recover $6,724.16, and the First Trust and Savings Bank, as trustee under the last will and testament and codicil thereto of Otto Young, deceased, was served as garnishee. Laura Martin was served by publication and on a hearing before the court, the garnishee was discharged and plaintiff appealed.

The undisputed facts are these: Plaintiff conducts a hotel in Chicago. The defendant, Laura Martin, was a guest at the hotel, occupying a suite of rooms from May 7 to June 11, 1921; during this period she borrowed about $3,000 with which to purchase clothes for herself, and the balance of the bill was occasioned by services rendered her by plaintiff.

On the trial, which was had between the plaintiff and the garnishee, it appeared that the latter had in its possession, belonging to Laura Martin, $171,737.36. These funds came to the hands of the garnishee from the estate of Otto Young, deceased, under the terms of his will.

The material portions of the will are as follows:

"I direct my said Trustee to pay an annuity of Thirty-six Thousand Dollars ($36,000.00) per annum to my daughter, Laura Martin, until the death of my wife, in case she shall be living on January 1, 1910 * * *.

"From and after the death of my wife, but not before January 1, 1910, the annuities of $36,000.00 given to each of my daughters shall cease, and thereafter the following disposition of the net income of my estate shall be made * * *.

"Eighty-eight per cent (88%) of the remainder of said net income shall be paid over and divided between my daughters in equal shares * * *.

"The annuities given and the payments directed to be made by this will to my daughters and their issue are intended to provide for the comfortable support and maintenance of my daughters and their issue and shall be paid over into the hands of said

beneficiaries respectively in person and not upon any written or verbal order nor upon any assignment or transfer thereof by said beneficiaries, or by operation of law.''

It is contended by counsel for both the plaintiff and the garnishee that under the terms of the will the funds in the hands of the garnishee constitute what is known in the law as ''spendthrift trust,'' and that such trusts are valid under the law of this State (*Steib v. Whitehead*, 111 Ill. 247). In the *Steib* case it was held that funds of such a character in the hands of a trustee cannot be reached by garnishment proceedings. And while counsel for plaintiff concede that this is the law, they contend: (1) That plaintiff's claim being for Laura Martin's support and maintenance, the rule should not apply; and (2) that the amount in the garnishee's hands was so far in excess of what would be required for the comfortable support and maintenance of Laura Martin that the rule of law should not apply in the instant case because the will provides that the annuities given to Laura Martin and the other daughters were to provide ''for the comfortable support and maintenance of my daughters,'' and that when there were funds in the hands of the garnishee as trustee in excess of such an amount, such excess should be subject to garnishment. But it is stated by counsel for plaintiff that such a limitation has never been applied in any case, and that the question is therefore one of first impression.

Since the decision in the *Steib* case, it has been repeatedly held by our Supreme Court that a testator may legally create by his will a spendthrift trust and that the purpose for providing for such a fund is to secure against the beneficiary's improvidence or incapacity. The question, therefore, is did the testator, Otto Young, intend that the fund created for his daughter, Laura Martin, should be limited in an

amount sufficient for her comfortable support and maintenance?

The cardinal rule in the construction of a will is that the intention of the testator must govern. In the instant case, we think it clear that the testator intended that whatever sum came to the hands of the trustee for Laura Martin should be paid to her "in person and not upon any written or verbal order nor upon any assignment or transfer thereof by said beneficiary, or by operation of law"; that he intended that the entire fund should be paid her. Under these circumstances, we hold that the funds were not subject to garnishment (*Steib v. Whitehead, supra*), and the court properly discharged the garnishee.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON J., concur.