ISAAC AMES, judge of probate, *vs.* HENRY O. CLARKE & others.

A testatrix bequeathed an annuity, and directed that no part of the bequest, while remaining in the hands of her executor, should ever be liable for any of the debts of the annuitant. He assigned the annuity, and directed the executor to pay it to the assignee as it became due. *Held*, that no action, on behalf of the annuitant, lay against the executor on his bond, for paying the annuity to the assignee, so long as the assignment was not rescinded, even though it was voidable.

CONTRACT on a bond signed by the defendant Henry O. Clarke, as principal, and the defendant John Firth and Henry Goulding, as sureties, conditioned for the faithful performance by Henry O. Clarke of his duties as executor of the will of Hannah B. Mason. Henry Goulding died, and the defendants William P. Goulding and Dwight Foster were appointed his executors. The suit was brought on behalf of William Clarke. Writ dated September 16, 1869. The case was submitted to this court on a statement of facts substantially as follows :

Hannah B. Mason, (who died in 1858,) by her will, gave to William Clarke, who was her brother, the sum of $600 annually for his life, to be paid by her executor in equal quarterly payments ; directed " that no part of this bequest, while remaining in the hands of my executors, shall ever be liable for any of the debts of the said William Clarke ; " and appointed Henry O. Clarke her executor.

On January 3, 1866, by an instrument under seal, and for the consideration of $3000, which was paid to him, William Clarke assigned the annuity to Henry Goulding, and authorized and directed the executor of Hannah B. Mason to pay it over to Henry Goulding, his representatives and assigns, as it should become due and payable. Up to the date of the assignment; the annuity was regularly paid to William Clarke, and since the date of the assignment, of which due notice was given to the executor, the annuity has been paid to Henry Goulding and his representatives.

In June 1869 William Clarke made a demand on the executor for the payment to him of the arrears of the annuity then due,

and of the annuity as it should thereafter become due ; but pay ment was refused. The $3000 paid by Henry Goulding to Wil liam Clarke has never been repaid, or tendered by William Clarke to Henry Goulding or his representatives.

The plaintiff claimed the right to offer evidence to show that William Clarke was incapable of supporting himself ; that he and his family had been for many years a burden upon his relatives ; that the assignment was made without the knowledge of the friends who contributed to his support ; that at the time of the assignment he was sixty-two years old ; and that the annuity at that time would have cost, by the life tables, at the rates usually charged by the Massachusetts Hospital Life Insurance Company and other similar institutions, between $5000 and $6000. The defendants objected that this evidence was incompetent and immaterial.

If the court should be of opinion that the plaintiff could recover judgment upon the facts sought to be proved, then the case was to stand for trial ; otherwise, judgment to be entered for the defendants.

*G. W. Warren & J. W. Hubbard*, for the plaintiff. William Clarke took no right capable of assignment. Henry Goulding, as one of the sureties on the executor's bond, stood in such a fiduciary relation to William Clarke, that the purchase by him of the annuity at half its value was voidable at the option of William Clarke.

*D. Foster & G. W. Baldwin*, for the defendants.

WELLS, J. The annuity vested absolutely in William Clarke. As a vested right, it was assignable, without words expressly making it so, in the terms of the bequest. The proviso that it should not be liable for his debts, while in the hands of the executor, did not give the executor any authority to control his disposition of it, nor deprive him of the right to dispose of it by his voluntary act. The assignment was not void, if even voidable.

Payments by the executor, in accordance with the order therefor in the instrument of assignment, are good until that order and assignment has been legally rescinded. It has not been so rescinded in fact ; and its voidable character cannot be relied on to

maintain an action upon the executor's bond for breach of duty in paying the annuity to the assignee, or refusing to pay it to the plaintiff. In this suit, payment upon his order to an assignee for value is a sufficient defence. *Judgment for the defendants.*