GEORGE M. BAKER *vs.* JOSEPH D. BROWN & others.
MOSES E. ROWE *vs.* SAME.

Middlesex. February 1, 2, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Married Woman — Husband — Support — Creditor — Equitable Attachment.*

A married woman, alleged to be possessed of realty "of the value of $10,000 and other real and personal property of a value to the plaintiff unknown," by her will, gave pecuniary legacies amounting to $2,100 to two married daughters and to her son, who was her executor, and, after expressing a desire that her husband should be supported out of her property, left the residue of her estate to two adult unmarried daughters subject to the condition that they "support their father during his life." *Held*, that the husband had no interest under the will which a creditor could reach by a bill in equity under the Pub. Sts. c. 151, § 1, cl. 11.

TWO BILLS IN EQUITY, under the Pub. Sts. c. 151, § 1, cl. 11, to reach and apply, in payment of debts due to the plaintiffs from Joseph D. Brown, his interest in the residue of the estate of his wife, Lucy R. Brown. The bills alleged the following facts.

The plaintiff in the first case recovered judgment against Joseph D. Brown, on October 17, 1884, for the sum of $545.39, damages and costs, no part of which had been paid; and the plaintiff in the second case recovered judgment against him on June 26, 1882, for $160.45, damages and costs, of which only $8.72 had been paid.

Lucy R. Brown, who was seised of real estate in this Commonwealth " of the value of $10,000 and other real and personal property of a value to the plaintiffs unknown," died on March 24, 1886, leaving a will, which was duly admitted to probate, and which, with the exception of parts merely formal, was as follows:

" I give to my daughters Lucy R. Vialle and Elizabeth Worthley $1,000 each. I give to my son Joseph D. Brown, Jr., one hundred dollars. It is my desire that my husband should have his support out of my property during his life; therefore all the rest residue, and remainder of my estate both real and personal, after the payment of my just debts, funeral charges, and the legacies before named, which are to be paid within six months after my decease, I give and devise to my daughters Abby Brown and Mary Brown, and their heirs and assigns forever, subject to the condition that they support their father during his life. I hereby nominate my son Joseph D. Brown, Jr., to be the executor of this my last will and testament; as witness my hand and seal this 12th day of June, A.D. 1883."

Abby Brown and Mary Brown " accepted the above recited devise and bequest of Lucy R. Brown," and " Joseph D. Brown, under and by virtue of the said will, became entitled to a property right, title, or interest, legal or equitable, in the property and estate of said Lucy R. Brown, which cannot be come at to be attached or taken on execution in a suit at law against said judgment debtor."

The prayer of each bill was that Abby Brown and Mary Brown might be restrained from alienating the interest of Joseph D. Brown; that they might be ordered to pay to the plaintiffs sums equivalent to his support during his lifetime and until the debts were paid; and for general relief.

The defendants, Joseph D. Brown, Abby Brown, and Mary Brown, demurred to the bills for want of equity, and on the ground that Joseph D. Brown had no interest in his wife's

estate that could be applied to the payment of the plaintiffs' debts; and the remaining defendant, Joseph D. Brown, Jr., demurred to the bills for want of equity, and because he was not a proper party. At the hearing before a single justice, the demurrers were sustained and the bills dismissed; and the plaintiffs appealed to the full court.

*Samuel Hoar*, for the defendants.

*E. G. Loomis*, for the plaintiffs.

C. ALLEN, J. It was decided in *Broadway National Bank* v. *Adams*, 133 Mass. 170, that the founder of a trust may secure the income of it to the object of his bounty, by providing that it shall not be alienable by him, or be subject to be taken by his creditors. Such provision need not be in express terms, but it is sufficient if the intention is clearly to be gathered from the instrument, when construed in the light of the circumstances. The only question in the present case is, whether enough appears to show such intention.

The existing circumstances are not so fully disclosed as might be wished, but it appears that the testatrix was a married woman, possessed of real estate in this Commonwealth of the value of ten thousand dollars; the averment of other property is too vague to be considered as of any significance; and in her will she expressed her desire that her husband should have his support out of her property during his life, and therefore, after giving $2,100 in pecuniary legacies to other persons, she gave all the residue of her estate to two daughters, subject to the condition that they should support their father during his life. In one of the two cases now before us, it appears that the plaintiff recovered a judgment against the husband for about $160, a year before the will was executed, on which less than nine dollars had been paid; in the other case, it does not appear when the plaintiff's claim accrued. There is no averment in either case that the real estate was income producing, or that the husband had any property, income, business, or means of support, except from his daughters.

In the absence of anything to show the contrary, it may fairly be inferred that the daughters upon whom this duty of supporting their father was cast were of age, and that they were unmarried and lived with their parents. They retained their maiden names. There is nothing to show how much the estate would be dimin-

ished by the debts which are referred to in the will, and by the funeral charges and expenses of administration. The residue must necessarily be quite moderate in amount. The will does not provide that the income of this residue shall be paid to the beneficiary, or devoted in whole to his use; there is no provision for the payment of any money at all to him; but his daughters are to support him. His age is not given, but he had five children, two married daughters, a son old enough to be appointed executor of the will, and the two daughters to whom the residue was given. In the absence of any averment to the contrary, it is a fair inference that he was pretty well along in years, poor, and dependent upon the support to be furnished by his daughters. There was probably some good reason why no bequest was made directly to him; it may have been his age, infirmity, incapacity, condition of indebtedness, or other reason not disclosed. It is sufficiently apparent that the testatrix intended that the trust imposed upon her daughters should be discharged by them personally, by furnishing to their father from time to time food, clothing, fuel, shelter, medicines, care, and nursing, as he might need them, and probably this support was to be furnished on the premises where they all lived. Assuming it to be true that they lived in a house owned by the testatrix, the case would be stronger for implying that the support was, in their option, to be there furnished, than in *Parker* v. *Parker*, 126 Mass. 433, or *Dwelley* v. *Dwelley*, 143 Mass. 509, in both of which cases it was held that the beneficiary had no right to demand a support elsewhere.

Clearly, the beneficiary has no right to the income of the devised estate, which he can control, but, to use the language of Lord Hatherley, the trustees are to apply the same, " with their own hands, as it were," to the use of their father. *Chambers* v. *Smith*, 3 App. Cas. 795. The amount to be devoted to his support, and the manner of applying it, by continuing or receiving him as a member of their own household, by personal care and attention to his wants, or otherwise, rest wholly in their discretion, so long as they do not abuse their trust. Under this state of things, a court of equity will not put a valuation upon his necessary support, and order his daughters to pay it over to creditors, leaving him, it may be, to be supported by

charity or by the town. A creditor's claim is not so high as that. *Broadway National Bank* v. *Adams, ubi supra,* and cases there cited. See also *Thackara* v. *Mintzer,* 100 Penn. St. 151; *Steib* v. *Whitehead,* 111 Ill. 247; *Lampert* v. *Haydel,* 20 Mo. App. 616; *Chambers* v. *Smith,* 3 App. Cas. 795, 806, 807, 811, 812. *Bills dismissed.*