Argued September 29, 1949.
These two appeals involve the same question, were argued together, and will be disposed of in one opinion. The common question is whether the interest of John J. Trainer, appellant, under two separate testamentary trusts, may be seized, while in the hands of the trustees, under a writ of attachment execution for a debt due from John J. Trainer to the plaintiff in the writ, and reduced to judgment. *Page 474 
The will of Edward Trainer, inter alia, provided: "SEVENTH: Upon the death of my said wife . . . I give, devise and bequeath my said residuary estate . . . unto my trustees, hereinafter named, . . . in trust nevertheless for the following uses and purposes, namely . . . 4. To pay the one-fourth part of the net income . . . to my son John A. Trainer, for and during the term of his natural life, and upon his death, whether before or after my decease, to pay the same unto his children, share and share alike, until such children respectively attain the age of 25 years, and when and as each child attains that age, he or she shall be paid his or her equal share of the one-fourth part of the principal of my said trust estate, and the trust shall cease and determine as to him or her . . ." (Italics supplied).
John A. Trainer, the life tenant, died in February, 1947, at which time his son, John J. Trainer, the appellant, was approximately 50 years of age. Therefore, both conditions having been met, the appellant was entitled to be paid his share of the corpus.
The will further provided: "EIGHTH: I hereby direct that all of the parties under this will, for whose benefit a trust is created, and who are not to receive the principal of their shares unless or until they attain a certain age, shall not have the right or power, in law or equity or otherwise, to anticipate the principal of their share prior to the time when I intend they shall receive it, either by . . . assigning . . . or otherwise disposing of such share, and I hereby declare such . . . assignment, . . . or disposition null and void and in no way binding upon my executors and trustees."
Therefore the share of John J. Trainer, the son of John A. Trainer, was subjected to the conditions quoted above, and he had no power to anticipate or assign his share of the corpus prior to the time when the testator intended he should receive it. It should be noted that *Page 475 
paragraph "EIGHTH" contained no provision that John J. Trainer's interest was not liable for his debts; the provision (insofar as the present question is concerned) was a prohibition against anticipation or assignment of appellant's interest until he had reached a certain age, or until the death of the life tenant, whichever last occurred.
The attachment execution on the judgment[1] against John J. Trainer was issued after the death of the life tenant and after the appellant reached the required age. An attachment execution, of course, works an assignment to the plaintiff of the debt due the defendant from the garnishee: JareckiManufacturing Company, Limited, v. Hart Brothers and John R.Hart, 5 Pa. Super. 422; Austin-Nichols Co., Inc. v.Union Trust Co., Garnishee et al., 289 Pa. 341, 137 A. 461. The rights of the attaching creditor are the same as the rights of the defendant in the writ: Laroche v. Farm Bureau MutualAutomobile Insurance Co., 335 Pa. 478, 7 A.2d 361; Johnson v.A. Hermann, Jr., et al., 101 Pa. Super. 198.
As we have said, there is no provision in the spendthrift trust clause that appellant's interest shall not be liable for his debts. Therefore the present case can be treated as if John J. Trainer had voluntarily made an assignment of his remainderman's interest after the death of the life tenant.
There is no provision in the spendthrift trust clause which prohibits this. Under the facts here appellant was entitled to be paid his share of the corpus after the death of the life tenant in February, 1947. If the trustees had forthwith paid him without an audit, such payment would be lawful, and appellant's acquittance to the trustees for the same would have been perfectly valid. *Page 476 
Since the attachment execution had the same effect as a voluntary assignment, the court below was correct in making distribution to the attaching creditor.
In the appeal of John J. Trainer in the Estate of Edward A. Trainer (Appeal No. 122), Paragraph C of the will is identical with paragraph 4 of the will of Edward Trainer (Appeal No. 121), except that the required age is 35 years. The same language of paragraph "EIGHTH" of the will of Edward Trainer is repeated in the will of Edward A. Trainer (as an added paragraph to "D"). The life tenant under this will died December 27, 1947, after John J. Trainer reached the required age, and the attachment execution was served on the garnishee on February 26, 1948.
In appeal No. 121 October Term, 1949, the decree of the court below in the Estate of Edward Trainer, deceased, is affirmed; costs to be paid by the appellant, John J. Trainer.
In appeal No. 122 October Term, 1949, the decree of the court below in the Estate of Edward A. Trainer, deceased, is affirmed; costs to be paid by the appellant, John J. Trainer.
[1] Entered January 9, 1948.