**In re Kent Weber ARNEY, Debtor.**

**Charles J. MYLER, Trustee in Bankruptcy, Plaintiff,**

**v.**

**Kent Weber ARNEY and June Arney, Defendants.**

**Bankruptcy No. 82 B 13138.
Adv. No. 83 A 1311.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 16, 1983.

Charles J. Myler, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., Stanley M. Corbett, Sioux City, Iowa, for plaintiff.

R. Edward Bates, The Law Offices of R. Edward Bates, Ltd., Naperville, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on a motion for summary judgment filed by plaintiff Charles J. Myler, trustee in bankruptcy, upon his adversary complaint against defendants Kent Weber Arney, debtor, and June Weber Arney, to determine whether the subject matter of a certain testamentary trust constitutes property of the estate pursuant to Section 541 of the Bankruptcy Code (11 U.S.C.A. Section 541 (1979)).

It is plaintiff's contention that a future interest possessed by the debtor in a testamentary trust administered in Plymouth County, Iowa, constitutes property of the debtor's estate under Section 541 of the Bankruptcy Code. Plaintiff argues that such property should be placed into the custody of the trustee in bankruptcy pursuant to Section 542 of the Code.

Defendants, in response, contend that the debtor's beneficial interest in the testamentary trust is subject to certain restraints on transfer or alienation (i.e., a spendthrift clause), which is enforceable under the laws of the State of Iowa. The defendants conclude that the debtor's beneficial interest in the trust is excluded from the debtor's estate pursuant to Section 541(c)(2) of the Bankruptcy Code.

Examination of the pleadings and the answers and admissions of the defendants on file, reveals no genuine issue of material fact respecting the question before the Court. Since it clearly appears that the property at issue is excludable from the debtor's estate in bankruptcy, summary judgment will be entered in favor of defendants.

## STATEMENT OF FACTS

Louis A. Weber died testate in Sioux City, Iowa on March 7, 1949. His will was admitted to probate in Iowa on April 8, 1949, and the provisions of that will were given effect.

By his will, Louis Weber devised all his real and personal property into trust for the benefit of his widow, Celia Weber, for life or until her remarriage. Included in the trust corpus was a 200 acre farm located in Plymouth County, Iowa, which today constitutes the sole asset of the trust.

Upon the termination of the life tenancy, the trustees were to provide the debtor with a specified amount of annual income from the trust until he attained 30 years of age. If the debtor died before attaining 30, the trust income the debtor would have received would be given to his lineal descendants, if any. If the debtor died without issue before reaching 30, the income was to be given to his mother, June Weber Arney for life, and thence to her lineal descendants, until the trust terminated.

When the debtor attained 30, the trustees were directed to convey to him, in fee, "the corpus of [the trust] estate *upon which he is receiving the income*" (emphasis added). However, if the debtor died before attaining 30, his share of the corpus was to be given to his lineal descendants, or to June Weber Arney or her descendants under conditions not relevant herein. However, if both June Weber Arney and the debtor died before they became "*entitled to receive the corpus of [the testator's] estate,*" then the trust corpus was to be distributed to the brothers and sisters of the testator and his widow, or their lineal descendants.

The will contained the following clause, pertaining to the rights of the beneficiaries under the testamentary trust:

Item 4. Each and every beneficiary under this will shall be without the right, power and authority to sell, transfer, pledge, mortgage, hypothecate, alienate, anticipate, or in any other manner impair their rights, titles, interests, or estates, in or to the income, or principal, during the entire term the property is held in trust under the provisions of this will, nor shall the rights, titles and estates of any beneficiary hereunder be subject to the rights or claims of creditors of any beneficiary.

The income payable to any beneficiary shall be payable solely and exclusively to the said designated beneficiary, except in case that any of the beneficiaries are minors, or incompetent, the income to which they are entitled shall be payable to their legal representative. Provided further that at the time any of said beneficiaries are entitled to the corpus of my estate, then the property shall become theirs absolutely.

The testator's widow, Celia Weber, never remarried. At age 94, she still collects income from the trust property. The debtor, who has not attained 40 years of age, has received neither income nor corpus from the trust.

## DISCUSSION

Section 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The proponent of a motion for summary judgment bears the burden of establishing that there is no genuine issue of material fact on every relevant issue raised by the pleadings. *Mack v. Cape Elizabeth School Board,* 553 F.2d 720, 722 (1st Cir.1977). Plaintiff has met that burden in this case. The material facts respecting the nature of the debtor's interest in the Iowa trust property, as well as the facts pertaining to the construction of the trust itself, are uncontested. However, the legal effect of those undisputed facts indicates that it is the defendants, rather than the plaintiff, who are entitled to relief. Under the circumstances, the court considers that the entry of summary judgment in favor of defendants is warranted, although they have not requested the entry of summary judgment on their own behalf. See *Watkins Motor Lines, Inc. v. Zero Refrigerated Lines,* 381 F.Supp. 363, 367–68 (N.D.Ill.1974), *aff'd,* 525 F.2d 538

(1975), *cert. denied,* 425 U.S. 952, 96 S.Ct. 1727, 48 L.Ed.2d 195 (1976).

Turning to the merits of this cause, the initial inquiry of the court is into the nature of the debtor's beneficial interest in the trust property. This inquiry, by express direction of Section 541(c)(2) of the Bankruptcy Code, requires an examination of State law regarding property and future interests. *In re Graham,* 24 B.R. 305, 309 (Bkrtcy.N.D. Iowa 1982). The parties are in agreement that the laws of the State of Iowa control this court's construction of the Weber trust, and of the debtor's beneficial interest therein. This assumption of the parties is correct.

As a federal court situated in the Northern District of Illinois, this court is obliged to initially refer to the law of the State of Illinois for guidance on state property law issues. *Aurora Gasoline Co. v. Coyle,* 174 F.Supp. 331 (E.D.Ill.1959). However, inasmuch as this matter involves a trust administered under Iowa law, involving real property situated within Iowa, it appears that Illinois courts would themselves apply Iowa law in their construction of this trust. *Sternberg v. St. Louis Union Trust Co.,* 394 Ill. 452, 456, 68 N.E.2d 892, 895 (1946); *Peet v. Peet,* 229 Ill. 341, 349–50, 82 N.E. 376, 378 (1907); *Stoltz v. Doering,* 112 Ill. 234 (1885); *see generally* Restatement (Second) of Conflict of Laws, § 277 (1971). Accordingly, Iowa law will be applied to determine the nature of the debtor's beneficial interest in the Weber trust.

Under the express terms of the trust, Celia Weber, the testator's widow, was to receive all the income from the trust until her death or remarriage. Upon the happening of either of those two events, other beneficiaries, including the debtor, were to receive trust income or corpus.

At best, the debtor could expect to receive a limited amount of annual income from the trust until he attained age 30. Then, he was to receive the corpus of the trust (i.e. the 200 acre farm) *upon which he was receiving income.* As long as Celia Weber remained alive and unmarried, the debtor could collect neither trust income,

nor corpus. If the debtor died before he became entitled to receive trust income or corpus, his interest in the Weber trust would pass to others.

Under Iowa case authority, Celia Weber was granted a life estate determinable in the entire corpus of the Weber trust. *Anderson v. Gifft,* 229 Iowa 515, 294 N.W. 721, 725 (1940). Her life estate was determinable, or subject to sudden termination, upon her remarriage. That estate was followed by a second life estate determinable in favor of the debtor, subject to termination when the debtor attained 30. Following the termination of both life estates, the remainder interest in the corpus of the trust granted to the debtor, and others, would be given effect. Although plaintiff characterizes the debtor's present interest in the trust corpus to be a vested remainder, it clearly appears under Iowa case authorities that such interest is, as yet, contingent.

▪ Under Iowa law, a remainder is generally held to be vested where the beneficiary or recipient of such interest is a presently identifiable person. *Houts v. Jameson,* 201 N.W.2d 466, 470 (Iowa 1972); *Katz Investment Co. v. Lynch,* 242 Iowa 640, 47 N.W.2d 800, 806 (1951). A contingent remainder, on the other hand, is one which is limited to take effect "to a dubious or uncertain person or upon a dubious or uncertain event." *Schau v. Cecil,* 257 Iowa 1296, 136 N.W.2d 515, 518 (1965); *Fulton v. Fulton,* 179 Iowa 948, 162 N.W. 253, 254 (1917). Here, the remainder interest in the trust corpus possessed by the debtor and the other remaindermen must be classified as contingent, because it cannot be ascertained whether the debtor, or some other remainderman shall receive the trust corpus until the life estate granted to Celia Weber terminates.

The debtor's receipt of the corpus of the Weber trust is conditioned upon two events: 1) he must attain age 30; and 2) he must survive the termination of the life estate granted to Celia Weber. If the debtor fails to survive until each of these conditions precedent are satisfied, his interest in the trust corpus will pass to others.

▪ The parties agree that the first of these conditions precedent has been met: the debtor is presently age 40. Nonetheless, the second condition precedent to the debtor's receipt of the trust corpus remains unsatisfied. Court records indicate that at least as of September 7, 1983, Celia Weber remains alive, unmarried and entitled to receive trust income. Because the identity of the party entitled to receive the corpus of the trust cannot be ascertained until the termination of Celia Weber's life tenancy interest, all of the remainder interests in the trust corpus, including that possessed by the debtor, constitute contingent remainders under Iowa law. *Wohlgemuth v. Des Moines National Bank,* 199 Iowa 649, 192 N.W. 248, 250 (1923); *Olsen v. Youngerman,* 136 Iowa 404, 113 N.W. 938, 940–41 (1907).

Having identified the nature of the debtor's interest in the Weber trust, the issue becomes whether that interest constitutes property of the debtor's estate in bankruptcy under Section 541 of the Bankruptcy Code. That question may be quickly disposed of.

The debtor's contingent remainder in the Weber trust is nontransferable, by virtue of item four of the testator's will. That clause, which contains a spendthrift provision, precludes any trust beneficiary from transferring or encumbering their interest in the trust until such time as they become entitled to receive the trust corpus. The debtor will not become entitled to receive the corpus from the Weber trust until the termination of Celia Weber's life tenancy interest therein. Therefore, the spendthrift provisions of the Weber trust are still binding on the debtor.

▪ Iowa generally recognizes the validity of spendthrift provisions, such as the one included in item 4 of Louis Weber's will. *In re Bucklin's Estate,* 243 Iowa 312, 51 N.W.2d 412, 416 (1952). A beneficial interest in a trust which is subject to a valid spendthrift provision is beyond the reach of creditors of the beneficiary in Iowa so long as the trustee is under no present obligation to transfer trust funds to the beneficiary

and/or terminate the trust. *Darling v. Dodge,* 200 Iowa 1303, 206 N.W. 266, 267 (1925). The Court notes in passing that the plaintiff's reliance on *In re Trainer's Estate,* 65 Pa.D. & C. 187 (1948), *aff'd,* 166 Pa.Super. 472, 71 A.2d 833, 834 (1950), is misplaced. The trustee in that case was obligated by the terms of the trust instrument to turn over the trust corpus to the beneficiary. Thus, creditors of the beneficiary were held entitled to attach those trust proceeds, as though it were a simple debt owed the beneficiary. 71 A.2d 833, 834. In contrast, the creditors of the Weber trust are under no similar obligation to provide the debtor with trust income or corpus. Indeed, they are powerless to do so. *In re Trainer's Estate* is therefore inapposite to the issues before this court.

The Court concludes that the provisions of item 4 of Louis Weber's will remain binding upon the debtor until he is entitled to receive the trust corpus; an event which has yet to occur. Because the debtor's beneficial interest in the Weber trust is subject to a present restraint on its transfer which is valid under Iowa law, it follows that such interest is excluded from his estate in bankruptcy. *In re Pruitt,* 30 B.R. 330, 331 (Bkrtcy.D.Colo.1983); *In re Kelleher,* 12 B.R. 896, 897 (Bkrtcy.M.D.Fla.1981); 11 U.S.C. Section 541(c)(2) (1979). Therefore, summary judgment on the adversary complaint shall be entered in favor of defendants and against plaintiff.

The court need not reach the question posed by the parties of whether, apart from the spendthrift provisions of the Weber trust, the debtor's contingent remainder in the trust corpus, which under Iowa law is alienable by the beneficiary (*see Noonan v. State Bank of Livermore,* 211 Iowa 401, 233 N.W. 487, 488 (1930)), and yet is beyond the reach of his creditors (*see Saunders v. Wilson,* 207 Iowa 526, 220 N.W. 344, 346 (1928)), would constitute property of the debtor's estate in bankruptcy. *See In re Hicks,* 22 B.R. 243, 245 (Bkrtcy.N.D.Ga.1982) (contingent remainder which is non-transferable under Georgia law does not fall within the definition of property of the estate under section 541(a)(5)(A) of the Bankruptcy Code).

## CONCLUSIONS OF LAW

The beneficial interest possessed by the debtor in the corpus of the Weber trust constitutes a contingent remainder, which, under Iowa law, is subject to a valid restraint on its transferability. As such, the debtor's interest in the trust corpus does not constitute part of his estate in bankruptcy, pursuant to Section 541(c)(2) of the Bankruptcy Code. No genuine issue of material fact exists regarding the proper construction to be given the Weber trust, or to the debtor's beneficial interest therein. Therefore, defendants are entitled to the entry of summary judgment in their favor as a matter of law.

WHEREFORE, IT IS HEREBY ORDERED that summary judgment be entered in favor of Kent Weber Arney and June Weber Arney debtor-defendants, and against plaintiff Charles J. Myler, trustee in bankruptcy, upon the plaintiff's adversary complaint.