In the Matter of the ESTATE OF W.T. PEARSON, a/k/a William T. Pearson, Deceased.

No. 15777.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1987.

Decided Feb. 17, 1988.

Martin G. Farrell, Asst. Atty. Gen., Pierre, for appellee South Dakota Dept. of Revenue; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Richard Braithwaite, Sioux Falls, for appellant Estate of W.T. Pearson.

MORGAN, Justice.

Estate of Pearson (Estate) appeals from an adverse judgment for determination of inheritance tax. We affirm.

William T. Pearson (decedent) died August 16, 1986, at seventy years of age. The death certificate lists "Probable Atherosclerotic Coronary Vascular Disease" as

the cause of death. Decedent had no known health problems, except low blood pressure. Approximately nine months prior to his death, decedent created an irrevocable inter vivos trust, naming his three grandchildren as equal beneficiaries. Two of his grandchildren were receiving welfare in the form of ADC payments and one grandchild was a college student. The trust fund was funded with treasury notes worth $130,000.00. After the beginning of the next year, decedent added another $111,969.39 worth of securities to the trust. Gift tax was paid on both transfers. The fund was to begin immediate monthly payments of the income to the beneficiaries. As there is no evidence to the contrary, we can assume that such payments were made. The trust also had a spendthrift provision to protect the assets against creditors. As each beneficiary reached the age of twenty-five, they were to receive an outright payment of one-half of the principal of their share. Upon reaching the age of thirty years, each beneficiary was to receive the remainder of their share and the trust was to terminate.

On the same day the trust was created and funded decedent had his Last Will and Testament drafted. The will provided for specific gifts to his son and daughter; the residue to complete the funding of the trust to his grandchildren. The sole issue in this case is whether the first two transfers to the trust were made in contemplation of death, thus making such amounts taxable to the grandchildren under South Dakota inheritance tax laws.

Under South Dakota law, a tax is imposed on any transfer, in trust or otherwise, to any person, when the transfer is made in contemplation of death of the grantor, or intended to take effect in possession or enjoyment at or after such death. SDCL 10–40–2(3). SDCL 10–40–1(7) provides:

'Contemplation of death' shall be taken to include that expectancy of death which actuates the mind of the person on the execution of his will, and in no wise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person in making gifts causa mortis; and it is hereby declared to be the intent and purpose of this chapter to tax any and all transfers which are made in lieu of or to avoid the passing of property transferred by testate or intestate laws.

It is Estate's position that neither of the two transfers were made in fear of imminent death. Rather, that the transfers were the result of decedent's heartfelt generosity and an attempt to help his grandchildren at a time when they needed it the most. The Department of Revenue, on the other hand, points out that the statutory definition of contemplation of death clearly states that "in no wise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person in making gifts causa mortis...." SDCL 10–40–1(7).

In the hearing court's finding of fact No. 12, it found: "Decedent made the two transfers to the Trust in an attempt to avoid the passing of property by testate succession, to avoid the South Dakota Inheritance Tax and to speed up the distribution of his estate." This finding is supported by the evidence. The trust was created the same day the will was drafted; the distribution under the will was in like proportion to that of the trust; the transfer of a substantial portion of decedent's estate (but less than one-half) was made in those two transfers; decedent's accountant said decedent "determined how much of that estate he could safely dispose of currently and still leave enough for his own needs ..."; decedent was sixty-nine years of age when he made those transfers and could very likely have contemplated death; and, the transfers were made less than one year before his death.

Under the facts of this case, we agree that the transfers were made in contemplation of death and thus were taxable.

Affirmed.

All the Justices concur.