BANK OF NEW ENGLAND & others, trustees,[1] *vs.* LILIAN
BIXBY STRANDLUND & another.[2]

Suffolk. May 2, 1988. — June 30, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, & LYNCH, JJ.

*Trust*, Spendthrift provisions, Distribution.

A beneficiary of two testamentary trusts validly assigned her share of the
trusts to a bank when she created two inter vivos trusts naming the bank
as trustee and, accordingly, the bank was entitled to the distribution of
the beneficiary's share in the testamentary trusts to administer in accord-
ance with the terms of the inter vivos trusts where, although language
in the will creating the testamentary trusts provided evidence of the
settlor's intent to protect the trust income and principal from invasion
by creditors of her beneficiaries, it provided no evidence that she intended
to prohibit her beneficiaries from voluntarily assigning their interests in
the testamentary trusts. [708-710]

COMPLAINT for instructions filed in the Suffolk Division of
the Probate and Family Court Department on May 1, 1986.

The case was heard by *Mary Beatty Muse*, J., on a statement
of agreed facts and was reported by her to the Appeals Court.
The Supreme Judicial Court granted a request for direct review.

*Nonnie S. Burns* (*Daniel T. Heffernan* with her) for the
defendant.

*Thomas H. Hannigan, Jr.* (*Edward J. Joyce* with him) for
Security Pacific National Bank.

*John S. Tuohy*, for Bank of New England, was present but
did not argue.

NOLAN, J. The Bank of New England and other trustees
under the will of Mary Ida Converse brought this action seeking

---

[1] The other trustees were the Boston Safe Deposit and Trust Company,
Edward L. Bigelow, Jr., and H. Peter Converse.

[2] Security Pacific National Bank, trustee.

instructions regarding the distribution of a portion of the proceeds of two testamentary trusts. Lilian Bixby Strandlund, a beneficiary of the Mary Ida Converse trusts (Converse trusts), claims that she is entitled to the direct distribution of her portion of the trusts. Security Pacific National Bank (Security Pacific) claims that it is entitled to the distribution of Strandlund's share of the trusts on the ground that Strandlund previously assigned her interest when she created two inter vivos trusts naming Security Pacific as trustee.

Strandlund sought a judgment in the Probate Court that her interest in the trusts be distributed directly to her. Security Pacific opposed the motion. A Probate Court judge reserved and reported this case to the Appeals Court. The case was submitted on a statement of agreed facts. We allowed Strandlund's application for direct appellate review.

Strandlund asserts that Massachusetts does not recognize a spendthrift trust which prohibits only involuntary alienation. Alternatively, Strandlund maintains that, even if this court recognizes the validity of a partial spendthrift trust, the Converse trusts prohibited both voluntary and involuntary alienation. Therefore, Strandlund insists, the voluntary assignment of her interests to Security Pacific was void and her share of the Converse trusts should now be distributed directly to her, discharged of the trusts, pursuant to the trusts' terms for distribution on the death of Strandlund's grandfather. Security Pacific takes the position that the spendthrift provision contained no language restraining voluntary alienation; thus Strandlund was free to, and did in fact, dispose of her interests by a valid assignment to Security Pacific before the trusts terminated.

Despite Strandlund's assertions to the contrary, Massachusetts law does allow a settlor to create a spendthrift trust which prevents creditors from reaching the beneficiary's interest, but which also allows the beneficiary to assign the interest voluntarily. We first acknowledged this type of spendthrift trust in *Ames* v. *Clarke*, 106 Mass. 573, 574 (1871), where we upheld the assignability of a bequest by a beneficiary where the will made no reference to voluntary alienation, but specifically pro-

vided that the bequest should not be liable for any debts of the beneficiary. See *Boston Safe Deposit & Trust Co.* v. *Luke*, 220 Mass. 484 (1915), aff'd sub nom. *Eaton* v. *Boston Safe Deposit & Trust Co.*, 240 U.S. 427 (1916).

Strandlund also asserts that a spendthrift provision restraining only involuntary alienation would be "unfairly prejudicial to creditors." In *Broadway Nat'l Bank* v. *Adams*, 133 Mass. 170, 173-174 (1882), we addressed considerations of public policy with respect to a spendthrift clause that prohibited both voluntary and involuntary alienation. There, we concluded that, because a settlor may impose any variety of restrictions on a trust interest that are not repugnant to law, creditors cannot complain that the settlor disposed of his property in such a way that it could not be reached before it was distributed to the beneficiary. *Id.* This reasoning logically extends to any combination of lawful restrictions that might be imposed on a beneficiary's interest, including the provision at bar where the settlor restrained only involuntary alienation. We now turn to the provision at issue to determine what, if any, restrictions were imposed on the gift by the settlor.

We must determine the intent of the settlor by examining the wording of the disputed provision. *Perabo* v. *Gallagher*, 241 Mass. 207, 209 (1922). The 1938 will of Mary Ida Converse states in pertinent part: "I direct that no income or principal at any time payable to any beneficiary under this my Will shall be attachable, trusteeable or in any manner liable for or to be taken for any debts, contracts or obligations of such beneficiary." On its face, this clause evidences the settlor's intent to protect the trust income and principal from invasion by the beneficiary's creditors. We recognize this as a valid restraint against involuntary alienation. See *Huntress* v. *Allen*, 195 Mass. 226, 232 (1907).

We do not perceive, however, any words that indicate that the settlor intended to prohibit her beneficiaries from voluntarily assigning their interests in the testamentary trusts. While it is true that no special language must be employed to create a spendthrift restriction against voluntary assignment, see *Perabo* v. *Gallagher*, *supra*, the settlor must, at a minimum,

use words that express her intention that no part of the gift shall be assigned by the beneficiaries. If the settlor intended to prohibit both voluntary and involuntary alienation by her beneficiaries, she certainly could have included language which would have accomplished this purpose. Because we find no evidence that Mary Ida Converse expressed an intention to restrain her beneficiaries' ability to assign their interests, we conclude that Strandlund could validly transfer her interests. The case is remanded to the Suffolk Division of the Probate and Family Court Department for further proceedings consistent with this opinion.

*So ordered.*