**Darlene Joy HORSLEY, Plaintiff/Appellant,**

v.

**Thomas MAHER, Defendant/Appellee.**

Civ. No. 88–3015.

United States District Court, D. South Dakota, C.D.

Aug. 11, 1988.

J. Bruce Blake, Sioux Falls, S.D., for plaintiff/appellant.

Thomas M. Maher, Maher & Arendt, Pierre, S.D., for defendant/appellee and trustee.

William Westphal, Minneapolis, Minn., U.S. Trustee.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

This appeal from the United States Bankruptcy Court for the Central Division, District of South Dakota, raises the question of whether a contingent remainder in a trust containing a spendthrift provision is property of the chapter 7 debtor's estate under 11 U.S.C. § 541(a)(1) or 11 U.S.C. § 541(a)(5)(A). Because the spendthrift provision of the trust in question is enforceable to prevent transfer of the debtor's contingent remainder interest in trust assets on or within 180 days after the bankruptcy filing, the debtor's contingent remainder interest is not property of the estate. For this reason, the order of the

Bankruptcy Court holding otherwise is reversed.

## I. FACTS

The chapter 7 debtor and appellant in this action, Darlene Joy Horsley, filed a motion in the Bankruptcy Court to determine her interest in a testamentary trust created by her father, Clarence T. Schuldt. Schuldt died on August 24, 1980 and was survived by his wife and daughter, Horsley. Two trusts were created by the terms of the Will of Mr. Schuldt. Mrs. Schuldt became the beneficiary of Trust A receiving an income distribution for life and the power of appointing a successor to the trust assets. Under Trust B, Mrs. Schuldt received a life estate with the power to invade trust principal. Trust B then provides:

> After the death of my spouse, or in the event my spouse predeceases me, then upon my decease my Trustee shall divided Trust B into equal shares so as to provide one share for the living issue, collectively of each deceased child of mine. My Trustee in making the division shall take into account advances of principal made to any of my children. After making such division, such shares shall be distributed outright to such children and to the issue of deceased children by right of representation.

The Will contains the following spendthrift provision:

> No title in the Trusts created in and by this Will, or in the income therefrom, except the income and general testamentary power of appointment reserved to my spouse in Trust A, shall vest in any beneficiary and neither the principal nor the income of any such Trust shall be liable for the debts of any beneficiary, and no beneficiary shall have the power to sell, assign, transfer, encumber, or in any other manner to anticipate or dispose of his or her interest in any such Trust, or the income produced thereby, prior to the actual distribution in fact, by the Trustee to said beneficiary.

On June 17, 1985, Leroy Milton and Darlene Joy Horsley filed a chapter 7 petition in bankruptcy. At the time of the bankruptcy filing and for the 180–day period after the filing, Mrs. Schuldt was living. The Bankruptcy Court found that Mrs. Schuldt was alive on January 4, 1988 when the Court's memorandum decision was filed on Horsley's motion to determine her interest in the testamentary trust.

## II. DISCUSSION

Horsley argues that the Bankruptcy Court erred in holding that her contingent remainder interest in Trust B was property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). The appellant contends that the exception provided in section 541(c)(2) of the Bankruptcy Code is applicable to exclude her remainder interest from the estate.

Section 541(a)(1) of the Code defines property of the estate broadly to include "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1)(1982). Under 11 U.S.C. § 541(a)(5)(A), property of the, estate includes property acquired by inheritance "that would have been property of, the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date." 11 U.S. C. § 541(a)(5)(A) (1982). However, an exception to the broad scope of these sections is codified at 11 U.S.C. § 541(c)(2). Section 541(c)(2) provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2) (1982). This provision was included in section 541(c) to preserve restrictions on the transfer of trust assets recognized under state law, known as spendthrift provisions. *See* S.Rep. No. 95–989, 95th Cong.2d Sess. 83 (1978), U.S.Code Cong. & Admin.News 1978 pp. 5787, 5869; H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 369 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6325.

The Bankruptcy Court states in its memorandum opinion:

[B]ecause the proceeds are to be paid 'outright' to the testator's descendants upon the death of the life tenant, the spendthrift provision does not apply to Mrs. Horsley's share when her interest becomes present.

This statement is correct. However, the Bankruptcy Court is in error in concluding that the spendthrift provision is inapplicable to the debtor's interest.

Horsley will become entitled to a portion of the assets of Trust B upon the death of her mother, Mrs. Schuldt. The parties agree that the contingency of Mrs. Schuldt's death creates a contingent remainder interest in Horsley. However, the question of whether a contingent remainder interest is property of a debtor's estate depends on whether creditors may reach that interest under South Dakota law. This inquiry in turn depends on whether that interest is transferable. Future interests are transferable under South Dakota law. See S.D.C.L. § 43–3–20 (1983 rev.); *see also Rowett v. McFarland,* 394 N.W.2d 298, 299–300, 308 (S.D.1986) (holding conveyance of contingent remainder in testamentary trust by beneficiary void *ab initio* against beneficiary's heirs when beneficiary dies before interest vests). However, because Mrs. Schuldt was alive when Horsley filed her bankruptcy petition and for the following 180 days, Horsley had not acquired a present interest in the trust assets and the spendthrift provision remained applicable to prevent a transfer of her future interest. As the contingent remainder was nontransferable due to the operation of the spendthrift provision when the petition was filed and for the following 180 days, it is not includable in Horsley's bankruptcy estate under 11 U.S.C. § 541(a)(1) ·or under 11 U.S.C. § 541(a)(5)(A).

At least one bankruptcy court has decided the issue of whether a debtor's contingent remainder in a spendthrift trust is property of the estate. *See In re Arney,* 35 B.R. 668, 671–72 (Bankr.N.D.Ill.1983) (decided under Iowa law). The testator in that case created a trust providing that the testator's widow would receive income from the trust for her life or until she

remarried. When this life estate terminated, the debtor in the case was to receive income from the trust until the debtor reached the age of thirty. Upon reaching the age of thirty, the entire corpus of the trust was payable to the debtor. The Will contained a spendthrift provision applicable to all beneficiaries which was enforceable under the law of the state where the trust was administered.

Upon the filing of a bankruptcy petition, the debtor, who had reached the age of thirty, retained a remainder interest in the trust contingent upon the death of the testator's widow, who was still alive and unmarried. 35 B.R. at 669. The court in *In re Arney* held that the debtor's contingent remainder interest was nontransferable due to the operation of the spendthrift provision. 35 B.R. at 671. The court then concluded that the debtor's interest was not property of the estate because the spendthrift provision would remain enforceable until the debtor was entitled to receive the trust corpus outright upon the death or remarriage of the testator's widow. 35 B.R. at 672.

This appeal arises from facts similar to those presented in the *Arney* opinion. Spendthrift provisions are enforceable under South Dakota law to protect trust assets from creditors. *See Farmers State Bank v. Janish,* 410 N.W.2d 188, 190 (S.D. 1987); *see also In re Estate of Pearson,* 419 N.W.2d 704, 705 (S.D.1988). As the debtor has not become entitled to an outright distribution of trust assets, the Court holds that the spendthrift provision in Schuldt's Will is applicable to Horsley's interest. Because this interest therefore is rendered nontransferable, the contingent remainder interest in Trust B cannot be included in the debtor's estate under 11 U.S.C. § 541(a)(1) or under 11 U.S.C. § 541(a)(5)(A). This result is consistent with cases decided under the old Bankruptcy Act holding that a spendthrift provision in a trust prevents a contingent interest from vesting in the bankruptcy trustee. *See In re Edgar,* 728 F.2d 1371, 1372–74 (11th Cir.1984); *In re Detlefsen,* 610 F.2d 512, 513 (8th Cir.1979). In addition, this

holding conforms with the legislative history of 11 U.S.C. § 541(c)(2) recognizing the spendthrift trust in bankruptcy.

For the reasons set forth above, the Court holds that the debtor's contingent remainder in Trust B is not property of the bankruptcy estate under either section 541(a)(1) or section 541(a)(5)(A) of the Bankruptcy Code. The order of the Bankruptcy Court of March 7, 1988 is therefore reversed.