**In re Sarah Anthony WAX, Debtor.**

**Bankruptcy No. 91–30086–INH.**

United States Bankruptcy Court,
D. South Dakota, C.D.

Nov. 3, 1992.

Thomas Lee, Ft. Pierre, S.D., for debtor.

John S. Lovald, Pierre, S.D., Chapter 7 Trustee.

## MEMORANDUM OF DECISION RE: OBJECTIONS TO EXEMPTIONS

IRVIN N. HOYT, Chief Judge.

The matter before the Court is the Objections to Claimed Exemptions filed by Chapter 7 Trustee John S. Lovald. This is a core proceeding under 28 U.S.C. § 157(b)(2). This ruling shall constitute findings and conclusions as required by F.R.Bankr.P. 7052.

### I.

Debtor Sarah Anthony Wax filed a Chapter 7 petition on December 13, 1991. On her schedule of personal property she stated she had an interest in the "Susan A. Wilcox Trust, administered by Stephen W. Howe, 45 School Street[,] Boston, Massachusetts 02108–3204[.]" She claimed as exempt her "interest in trust proceeds, $250[.]"

Chapter 7 Trustee John S. Lovald filed Objections to Claimed Exemptions on February 6, 1992. Therein he argued:

> In particular Trustee challenges the value of $250.00 placed on debtor's interest in the Susan A[.] Wilcox Trust. Per Trustee[']s information, said interest is a 5.5% interest, and principal will be paid out upon the death of Esther Chalfin, who is 91 years old. The current principal value of the entire trust, as of 1–31–92, was $582,936.00. Debtor[']s interest in the principal, if disbursed on said date, would be $32,061.48.

> Trustee requests the Court to determine the current value of this interest, allocate it against debtor's remainder of the $2000.00 exemption, and allocate said asset between Trustee and debtor. According to the South Dakota Department of Revenue, the remainder interest of a life estate measured against the life of a 91 year old female is .76105.

Other property that Debtor claimed exempt under S.D.C.L. § 43–45–4, which allows a non head of household to claim exempt property up to $2,000.00 in lieu of other statutory exemptions, consisted of: cash on hand, $20.00; checking account balance, $500.00; tapes, $40.00; jewelry, $20.00; household goods, $120.00; and food, $50.00, for a total of $750.00. Trustee did not object to these other claims.

A hearing on Trustee's objection was held March 10, 1992. Trustee Lovald and Thomas E. Lee, Debtor's counsel, filed a Stipulation Regarding Objections to Claimed Exemptions that stated:

> 1. Debtor is an income and residuary beneficiary under a trust created by Susan A. Wilcox, deceased.

> 2. [A copy of the trust instrument was attached to the Stipulation.]

> 3. Debtor[']s interest in the trust is an undivided 5.55% interest in the income and principal.

> 4. The trust will terminate and the assets will be distributed at the death of 2 defined measuring lives as described in the trust. One of these named individuals is still alive whose name is Esther Chalfin, age 91. She is in apparent good health. Debtor must survive Esther Chalfin to participate in the principal distribution of the trust assets.

> 5. As of January 31, 1992, the principal value of the entire trust estate is $582,936.00. The trust was set up under, and is administered under Massachusetts law.

> Based upon the foregoing stipulated facts the parties request that the Court determine if the debtor[']s interest in the trust constitutes property of the estate under Sec. 541, or a spendthrift trust as defined under 541(c)(2). If the Court determines that the interest is classified as an interest under 541(c)(2) Trustee[']s Objections should be dismissed. If the Court determines the trust interest is property of the estate, the parties agree to present further evidence to the Court to properly allocate the value between the estate and debtor's claimed exemptions.

After an initial review of the facts, trust document, and applicable law, the Court, by letter dated March 17, 1992 to counsel for each party, noted there appeared to be two contingencies that had to occur before the Trust would terminate: first, that Esther Chalfin be deceased and second, that all members of Debtor's class be 30 years of age. The Court, relying on *Horsley v. Maher*, 89 B.R. 51, 53 (D.S.D.1988), reintegrated that "[t]he question of whether contingent remainder interest is property of the estate depends on whether creditors may reach that interest under [applicable state] law" and, therefore, asked counsel to supply the applicable Massachusetts law. Further, the Court offered to withhold a decision for 180 days from the petition to see if the contingencies occurred.

Attorney Lee filed a letter with the Court on June 10, 1992 that presumed Ms. Chalfin was still living as of the one hundred eightieth day after Debtor's petition. Therefore, Debtor's remainder interest did not come into the bankruptcy estate via § 541(a)(5)(A). The issue thus became whether Debtor's remainder interest is excluded from the estate under a spendthrift trust provision pursuant to 11 U.S.C. § 541(c)(2).

In his June 10, 1992 letter, Attorney Lee argued that Massachusetts law permits the enforcement of this trust's spendthrift provision. On July 6, 1992, Trustee Lovald filed a letter in response. He argued that the trust does not contain a true spendthrift provision under Massachusetts law because the trust did not specifically prohibit Debtor from encumbering her interest.

The spendthrift term of the trust states:

In order that all payments may be made free from the interference of any creditor of a beneficiary of this trust, I direct that no recipient of income or of any principal shall have any right to anticipate, pledge or encumber the same, and that all payments be made to the recipient in person or upon such recipient's sole and separate order made at or about the time of payment; and in case it should become expedient in the opinion of the trustees from time to time up to the termination of the trust, said trustees may withhold the income or principal coming to any recipient and apply so much thereof as they may think needful to the support of such recipient or her or his family until such time as the trustee may deem expedient to pay the same to him or to her or to apply the same as aforesaid.

## II.

■ Section 541(c)(2) of the Bankruptcy Code provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that

is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

"This provision was included in section 541(c) to preserve restrictions on the transfer of trust assets recognized under state law, known as spendthrift provisions." *Horsley*, 89 B.R. at 52.[1] Whether a contingent remainder interest in the trust is property of Debtor's estate depends on whether creditors may reach that interest under Massachusetts law.

[T]he founder of a trust may secure the income of it to the object of his bounty, by providing that it shall not be alienable by him, or be subject to be taken by his creditors. Such provision need not be in express terms, but it is sufficient if the intention is fairly to be gathered from the instrument, when construed in the light of the circumstances.

*Baker v. Brown*, 146 Mass. 369, 15 N.E. 783, 785 (1888). This early Massachusetts case tells us two things. First, spendthrift trust provisions are recognized in Massachusetts. Second, if the words of the document are not clear, the trust settlor's intentions may be determined in light of the circumstances surrounding the creation of the trust.

■ A more recent decision, *Bank of New England v. Strandlund*, 402 Mass. 707, 529 N.E.2d 394 (1988), further refines *Baker*. Therein, the Massachusetts Supreme Judicial Court recognized that Massachusetts law allows a settlor to create a spendthrift trust that prevents creditors from reaching the beneficiary's interest but that also allows the beneficiary to assign the interest voluntarily. *Id.* 529 N.E.2d at 395. The court considered the public policy argument that a spendthrift provision that restrains only involuntary alienation would be "unfairly prejudicial." *Id.* Citing *Broadway National Bank v. Adams*, 133 Mass. 170, 173–74 (Mass.1882), the court stated:

[B]ecause a settlor may impose any variety of restrictions on a trust interest that

---

1. Pursuant to § 541(c)(2), Debtor has not asserted that her interest in the trust fund is excluded from the estate under any "applicable nonbank-

ruptcy law" except Massachusetts state law. *See Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

are not repugnant to law, creditors cannot complain that the settlor disposed of his property in such a way that it could not be reached before it was distributed to the beneficiary. [Cite omitted.] This reasoning logically extends to any combination of lawful restrictions that might be imposed on a beneficiary's interest, including the provision at bar where the settlor restrained only involuntary alienation.

*Strandlund,* 529 N.E.2d at 395. If the words of the trust indicate that only involuntary alienation is governed under the spendthrift provision, the court will not also presume that settlor intended to prohibit the beneficiary from voluntarily assigning their interest. *Id.* "[T]he settlor must, at a minimum use words that express her intention that no part of the gift shall be assigned by the beneficiaries." *Id.* 529 N.E.2d at 396.

### III.

The language of the spendthrift provision of the trust of which Debtor is a contingent beneficiary is not easily read. The introductory phrase of the first clause ("In order that all payments may be made free from the interference of any creditor of a beneficiary of this trust,") surely indicates that the settlor intended to restrict both voluntary and involuntary encumbrances. The remainder of that first clause [that portion before the semicolon], however, is directed solely at voluntary encumbrances. It says the beneficiary may not encumber or assign payments, except that, only when a particular payment is made, the beneficiary may direct to whom that payment should be made, if other than to himself.

When the second clause [that portion after the semicolon] is read in conjunction with the introductory clause, this Court concludes that the settlor also intended to prohibit involuntary transfers. The second clause empowers the trustee, if necessary, to withhold payments from the beneficiary and apply the funds to the support of beneficiary or his family so the beneficiary may never receive any direct payments. *See*

*Wemyss v. White,* 159 Mass. 484, 34 N.E. 718, 719 (1893).

In summary, a beneficiary under this trust may not receive any payments directly if the trustee so chooses and a beneficiary may direct who receives a payment, other than himself, only when that order is made contemporaneous with the particular payment. Debtor, therefore, does not have an absolute right to personally receive the trust payments nor control them until they are in her possession. Accordingly, the spendthrift provision of this trust falls within the scope of § 541(c)(2) and Debtor's interest in that trust is excluded from property of the estate.

An order will be entered overruling Trustee's objection to exemptions.

### ORDER DENYING OBJECTIONS TO EXEMPTIONS

In compliance with and recognition of the Memorandum of Decision Re: Objections to Exemptions entered this day,

IT IS HEREBY ORDERED that Chapter 7 Trustee John S. Lovald's Objections to Claimed Exemptions filed February 6, 1992 is OVERRULED.

So ordered.